IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONNA L. SOTO, ADMINISTRATRIX OF ) | |
| THE ESTATE OF VICTORIA L. SOTO, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| VS. ) | Civil Action No. |
| ) | |
| BUSHMASTER FIREARMS ) | |
| INTERNATIONAL, LLC a/k/a FREEDOM ) | |
| GROUP, INC. a/k/a REMINGTON OUTDOOR ) | |
| GROUP, INC, *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS REMINGTON ARMS COMPANY, LLC AND REMINGTON
OUTDOOR COMPANY, INC.'S NOTICE OF REMOVAL**

Defendants Remington Arms Company, LLC and Remington Outdoor Company, Inc. (collectively, the "Remington Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, notify this Court that they are removing the above captioned action currently pending in the Superior Court of the Judicial District of Fairfield County (at Bridgeport) to the United States District Court for the District of Connecticut. In support, the Remington Defendants state as follows:

**INTRODUCTION**

1.      On December 13, 2014, Plaintiffs filed their Complaint against (1) the Remington Defendants,[1] (2) Camfour, Inc. and Camfour Holding, Inc. (collectively, the "Camfour

---

[1] This Notice of Removal is filed on behalf of Defendants "Remington Arms Company, LLC" and "Remington Outdoor Company, Inc." For clarification, Defendant "Remington Arms Company, LLC" was formerly known as "Remington Arms Company, Inc." Thus, "Remington Arms Company, Inc." does not exist. Defendant "Remington Outdoor Company, Inc." was formerly known as "Freedom Group, Inc." Thus, "Freedom Group, Inc." does not exist. "Bushmaster Firearms International, LLC" is also a named defendant but does not exist as it was merged into and is only an unincorporated brand of Remington Arms Company, LLC. Plaintiffs have also named or listed as "a/k/a" several other entities that do

1

Defendants"),² and (3) Riverview Sales, Inc. and David LaGuercia (collectively, the "Riverview Defendants"), in the Superior Court of the Judicial District of Fairfield County (at Bridgeport).

2.  The Remington Defendants were served with the Complaint on December 15, 2014. This notice of removal is timely filed within thirty (30) days after the Remington Defendants were served.

3.  The United States District Court for the District of Connecticut is the federal judicial district encompassing Fairfield County, Connecticut. Therefore, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

4.  Copies of all papers, pleadings, process, and orders, if any, served on the Remington Defendants are attached as <u>Exhibit A</u>, including the Summonses and Plaintiffs' Complaint ("Compl.") and exhibits thereto.

## DIVERSITY JURISDICTION

5.  The basis for removal to federal court is diversity jurisdiction pursuant to 28 U.S.C. § 1332, because: (1) Riverview Sales, Inc. is improperly joined, (2) there is complete diversity of citizenship between Plaintiffs, on the one hand, and the diverse defendants, that is, the Remington Defendants, the Camfour Defendants and David LaGuercia, on the other hand, and (3) the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

---

not exist: (1) "Remington Arms Co., LLC"; (2) "Remington Outdoor Group, Inc."; (3) "Remington Outdoor Company"; (4) "Remington Outdoor Co."; (5) "Freedom Group, LLC"; (6) "Freedom Group"; (7) "Bushmaster Firearms"; (8) "Bushmaster Holdings, LLC"; (9) "Bushmaster Firearms, Inc."; and (10) "Bushmaster Firearms Int., Inc." These non-existent entities have not been "properly joined and served as defendants[.]" 28 U.S.C. § 1441(b)(2). For diversity purposes, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

²   Plaintiffs have also named "Camfour Holding, LLP" as a defendant, but that entity does not exist.

6.       Remington Outdoor Company, Inc. (hereinafter, "ROCI") is a corporation organized under the laws of the state of Delaware with its principal place of business in North Carolina.  Thus, for the purposes of diversity jurisdiction, ROCI is a citizen of Delaware and North Carolina.

7.       Remington Arms Company, LLC (hereinafter "Remington"), is a limited liability company organized under the laws of the state of Delaware with its principal place of business in North Carolina.  Remington's sole member is a Delaware limited liability company with its principal place of business in North Carolina.[3]  Thus, for the purposes of diversity jurisdiction, Remington is a citizen of Delaware and North Carolina.

8.       Camfour, Inc. and Camfour Holding, Inc. are corporations organized under the laws of the state of Massachusetts with principal places of business in Massachusetts.  Thus, for the purposes of diversity jurisdiction, the Camfour Defendants are citizens of Massachusetts. The Camfour Defendants consent to removal.  (Removal Consent, attached as Exhibit B.)[4]

9.       Riverview Sales, Inc. is a Connecticut corporation with its principal place of business in Connecticut, and is therefore a citizen of Connecticut.[5]

10.      David LaGuercia "is or was" the federal firearms licensee of the Riverview Sales,

---

[3] Remington's sole member is FGI Operating Company, LLC ("Operating"), a Delaware limited liability company with its principal place of business in North Carolina.  Operating's sole member is FGI Holding Company, LLC ("Holding"), a Delaware limited liability company with its principal place of business in North Carolina.  Holding's sole member is ROCI.

[4] Camfour, Inc. is owned by Camfour Holding, Inc., which is also a corporation organized under the laws of Massachusetts with its principal place of business in Massachusetts.

[5] When removal is based on improper joinder of defendants, it is unnecessary for the removing defendants to obtain consent from the improperly joined defendants. *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295 (S.D.N.Y. 2001) (Kaplan, J.); *see Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("[A]s a general rule, removal requires the consent of all co-defendants.  In cases involving alleged improper or fraudulent parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical. . . .").

3

Inc. business. (*See* Compl. at ¶ 33.)  LaGuercia is a Massachusetts citizen, and consents to this removal.  (Removal Consent, attached as Exhibit C.)

11. All Plaintiffs are citizens of Connecticut.  The Soto, Hockley, Sherlach, Pozner, Rousseau, Wheeler, Lewis, Barden and D'Avino Plaintiffs are estates created under Connecticut probate law. And Plaintiff Natalie Hammond, suing in "her individual capacity[,]" is a citizen of Connecticut. (*See* Compl. at ¶¶ 35-44, Exhs. A through I, Fiduciary's Probate Certificates of each estate; *see also* 28 U.S.C. § 1332(c)(2); Civil Summons at p. 3.)

12. As explained below, Riverview Sales, Inc. is improperly joined in this action.  As a result, Riverview Sales, Inc.'s citizenship should not be considered in determining whether complete diversity exists among the remaining parties.  Complete diversity exists between the Plaintiffs, on the one hand, and the Remington Defendants, the Camfour Defendants and David LaGuercia, on the other.

## BACKGROUND

13. Plaintiffs' action arises from the tragic December 14, 2012 shooting at Sandy Hook Elementary School by Adam Lanza.  Plaintiffs allege that a Bushmaster XM15-E2S rifle (the "firearm") manufactured by the Remington Defendants was among the firearms used by Adam Lanza to commit his heinous crimes.  Plaintiffs allege that the Camfour Defendants purchased the firearm from the Remington Defendants "prior to March of 2010[.]" (*Id*. at ¶ 152.)

14. Plaintiffs allege that the Riverview Defendants purchased the firearm from the Camfour Defendants "prior to March of 2010[.]" (*Id*. at ¶ 153.)

15. Plaintiffs allege that Nancy Lanza, the mother of Adam Lanza, purchased the firearm from the Riverview Defendants in March 2010.  (*Id*. at ¶ 153.)

16.     Plaintiffs allege that Adam Lanza took the firearm from a gun closet in the house he shared with his mother on the morning of December 14, 2012.  (Compl. at ¶ 154.)

17.     Plaintiffs assert thirty-three (33) Wrongful Death claims against the Remington Defendants, the Camfour Defendants and the Riverview Defendants.[6]

## IMPROPER JOINDER

18.     Under the doctrine of improper or "fraudulent joinder," a defendant can remove to federal court by invoking diversity jurisdiction when there is no reasonable basis for a cause of action against the improperly joined, non-diverse defendant. *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998).   The doctrine is satisfied when the defendant demonstrates "by clear and convincing evidence" that there is "no possibility" that the plaintiff "can state a cause of action against the non-diverse defendant in state court." *Id*. at 461.  In other words, "[j]oinder will be considered fraudulent when it is established that there can be no recovery against the defendant under the law of the state on the cause alleged." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001) (internal citation and original brackets omitted).

19.     This Court has stated that "the language 'no possibility' has been interpreted as meaning no 'reasonable possibility' or 'no reasonable basis.'" *Doe v. Fed. Express Corp.*, No. 3:05-cv-1968, 2006 U.S. Dist. LEXIS 31825, *4 (D. Conn. May 22, 2006) (Eginton, J.) (citing *In re Rezulin Prods. Liability Litig.*, 133 F. Supp. 2d at n.4).

20.     There is no reasonable basis for a cause of action against Riverview Sales, Inc. under the allegations of Plaintiffs' Complaint because Riverview Sales, Inc. is immune from Plaintiffs' claims under federal law.

---

[6]   Plaintiff Natalie Hammond also asserts claims for Wrongful Death, *see* Counts 31-33, even though she is not alleged to have died in the incident.

5

21.     The Protection of Lawful Commerce in Arms Act, 15 U.S.C. § 7901 *et seq*. (hereafter, "PLCAA"), immunizes firearms sellers such as Riverview Sales, Inc. from claims for damages and other forms of relief arising from the criminal misuse of firearms by third parties. 15 U.S.C. §§ 7902, 7903(5)(a).[7]  Congress declared that "[t]he manufacture, importation, possession, sale, and use of firearms and ammunition in the United States are heavily regulated by Federal, State and local laws" and those engaged in firearms sales "are not, and should not, be liable for the harm caused by those who criminally or unlawfully misuse" firearms. 15 U.S.C. §§ 7901(a)(4) & (a)(5).

22.     The operative language of the PLCAA states that "[a] qualified civil liability action may not be brought in any Federal or State court" and "shall be immediately dismissed[.]" 15 U.S.C. § 7902.  Congress defined a "qualified civil liability action" as:

> [A] civil action or proceeding or an administrative proceeding brought by any person against a manufacturer or seller of a qualified product, or a trade association, for damages, punitive damages, injunctive or declaratory relief, abatement, restitution, fines, penalties, or other relief, resulting from the criminal or unlawful misuse of a qualified product by the person or by a third party …."

---

[7] Every federal and state appellate court to address the constitutionality of the PLCAA has found it constitutional. *See City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 392-98 (2d Cir. 2008), *cert denied*, 129 S. Ct. 3320 (2009); *Ileto v. Glock*, 565 F.3d 1126, 1138-42 (9th Cir. 2009), *cert denied*, 130 S.Ct. 3320 (2010); *District of Columbia v. Beretta U.S.A. Corp.*, 940 A.2d 163, 172-82 (D.C. 2008), *cert denied*, 129 S. Ct. 1579 (2009); *Estate of Kim ex rel v. Coxe*, 295 P.3d 380, 388-92 (Alaska 2013); *Adames v. Sheehan*, 909 N.E.2d 742, 764-65 (Ill. 2009), *cert denied*, 130 S. Ct. 1014 (2009). In addition, at least two trial courts have issued opinions affirming the PLCAA's constitutionality. *See Estate of Charlot v. Bushmaster Firearms, Inc*., 628 F. Supp. 2d 174, 182-86 (D.D.C. 2009); *Gilland v. Sportsmen's Outpost, Inc*., 2011 WL 2479693, *16-23 (Conn. Super. May 26, 2011). And numerous courts have applied the PLCAA to dismiss lawsuits without confronting challenges to its constitutionality. *See, e.g.*, *Al-Salihi v. Gander Mountain, Inc.*, 2013 WL 5310214 (N.D.N.Y. Sept. 20, 2013); *Jeffries v. District of Columbia*, 916 F. Supp. 2d 42 (D.D.C. Jan. 8, 2013); *Bannerman v. Mountain State Pawn, Inc*., 2010 WL 9103469 (N.D.W.Va. Nov. 5, 2011); *Ryan v. Hughes-Ortiz*, 81 Mass.App.Ct. 90 (Mass. App. 2012).

15 U.S.C. § 7903(5)(A). A "qualified product" includes a firearm as defined in 18 U.S.C. §§ 921(a)(3)(A) & (B). 15 U.S.C. § 7903(4).

23. Congress' intent was to "preempt common-law claims, such as general tort theories of liability." *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1135 (9th Cir. 2009). Congress created six narrow exceptions to the definition of a "qualified civil liability action" and immunity under the PLCAA:

> (i) an action brought against a transferor convicted under section 924(h) of title 18, [United States Code,] or a comparable or identical State felony law, by a party directly harmed by the conduct of which the transferee is so convicted;
>
> (ii) an action brought against a seller for negligent entrustment or negligence per se;
>
> (iii) an action in which a manufacturer or seller of a qualified product knowingly violated a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought, including --
>
>> (I) any case in which the manufacturer or seller knowingly made any false entry in, or failed to make an appropriate entry in, any record required to be kept under Federal or State law with respect to the qualified product, or aided, abetted or conspired with any person in making any false entry or fictitious oral or written statement with respect to any fact material to the lawfulness of the sale or other disposition of a qualified product; or
>>
>> (II) any case in which the manufacturer or seller aided, abetted, or conspired with any person to sell or otherwise dispose of a qualified product, knowing or having reasonable cause to believe, that the actual buyer of the qualified product was prohibited from possessing or receiving a firearm under subsection (g) or (n) of section 922 of title 18;
>
> (iv) an action for breach of contract or warranty in connection with the purchase of the product;

7

>> (v) an action for death, physical injuries or property damage resulting directly from a defect in design or manufacture of the product, when used as intended or in a reasonably foreseeable manner, except that when the discharge of the product was caused by a volitional act that constituted a criminal offense, then such act shall be considered the sole proximate cause of any resulting death, personal injuries or property damage; or
>
>> (vi) an action or proceeding commenced by the Attorney General to enforce the provisions of chapter 44 of title 18 [18 U.S.C. §§ 921 et seq.] or chapter 53 of title 26 [26 U.S.C. §§ 5801 et seq.].

15 U.S.C. §§ 7903(5)(A)(i)-(vi). Congress expressly provided that no provision of the PLCAA is to be "construed to create a public or private cause of action or remedy." 15 U.S.C. § 7903(5)(C).

24. Plaintiffs' Complaint appears to allege that Riverview Sales, Inc. created a common law public nuisance, knowingly violated the Connecticut Unfair Trade Practices Act ("CUTPA") and negligently entrusted the firearm to Nancy Lanza. (*See* Compl. at Count Three, ¶¶ 174-194.) Plaintiffs' claims do not fit within any of the six exceptions to PLCAA immunity.[8]

25. One of the exceptions to PLCAA immunity is an action for negligent entrustment. 15 U.S.C. § 7903(5)(A)(ii). Congress defined negligent entrustment as follows:

> As used in subpargraph (A)(ii), the term "negligent entrustment" means the supplying of a qualified product by a seller for use by another person when the seller knows, or reasonably should know, *the person to whom the product is supplied is likely to, and does, use the product* in a manner involving unreasonable risk of physical injury to the person or others.

15 U.S.C. § 7903(5)(B) (emphasis added). Thus, a negligent entrustment action against a

---

[8] Plaintiffs allege an additional claim against the Remington Defendants, which appears to be a product liability action based on a failure to design the firearm "with safety mechanisms that prevent the weapon from being fired by someone other than the purchaser." (Compl. at Count One, ¶ 183.)

8

firearm seller must involve a sale of a firearm by a seller to the same person who thereafter "use[s]" the firearm to cause harm to himself or herself, or others. Here, Plaintiffs allege that Riverview Sales, Inc. sold the firearm to Nancy Lanza. (Compl. at ¶ 153.) They allege that nearly three years later Adam Lanza "used" the firearm to cause physical injuries to others. (*See id*. at ¶¶ 155, 166, 169, 170.) Plaintiffs cannot plead a negligent entrustment action against Riverview Sales, Inc. under the definition provided by Congress.

26. A second exception to PLCAA immunity is a claim against a seller for "knowingly violat[ing] a State or Federal statute applicable to the sale or marketing" of firearms. 15 U.S.C. § 7903(5)(A)(iii). Plaintiffs have not alleged that Riverview Sales, Inc. violated a statute applicable to the sale or marketing of firearms in selling the firearm to Nancy Lanza. Moreover, there is no reasonable basis on which such an allegation can be made because the sale was not made in violation of an applicable firearms statute. *See Report of the State's Attorney for the Judicial District of Danbury on the Shootings at Sandy Hook Elementary School and 36 Yogananda Street, Newtown, Connecticut on December 14, 2012* at 36 ("All of the firearms . . . involved in these cases were legally purchased by the shooter's mother.") (available at http://www.ct.gov/csao/lib/csao/Sandy_Hook_Final_Report.pdf (last visited Jan. 13, 2014)).[9]

27. The exception for "knowingly violat[ing] a State or Federal statute applicable to the sale or marketing" of firearms does not encompass statutes of general application, but only those statutes that "expressly regulate firearms" or "that clearly can be said to implicate the purchase and sale of firearms." *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 403 (2d

---

[9] In analyzing improper joinder, "courts can look beyond the pleadings to determine if the pleadings can state a cause of action." *Pampillonia*, 138 F.3d at 461-62 (considering affidavit to decide whether defendant was improperly joined); *see Oliva v. Bristol-Myers Squibb Co.*, No. 3:05-cv-486, 2005 U.S. Dist. LEXIS 35881, *4-5 (D. Conn. Dec. 15, 2005); *In re Rezulin Prods. Liability Litig.*, 133 F. Supp. at 281-82.

Cir. 2008) (holding that New York criminal nuisance statute not "applicable to the sale or marketing of firearms"), *cert. denied*, 129 S. Ct. 3320 (2009); *Ileto*, 565 F.3d at 1135-36 (finding it "likely that Congress had in mind only ... statutes that regulate manufacturing, importing, selling, marketing, and using firearms or that regulate the firearms industry – rather than general tort theories that happened to have been codified by a given jurisdiction."); *Estate of Charlot v. Bushmaster Firearms, Inc.*, 628 F.Supp. 2d 174, 180-81 (D.D.C. 2009) (holding that alleged violation of District of Columbia Assault Weapons Manufacturing Strict Liability Act not within the § 7903(5)(A)(iii) exception). The only statute referenced in Plaintiffs' Complaint is CUTPA, a statute that does not expressly regulate or clearly implicate the regulation of firearms. CUTPA is a statute of general application that creates an action to recover an "ascertainable amount of money or property" resulting from unfair or deceptive business practices. Conn. Gen. Stat. § 42-110g. CUTPA is not the type of statute "Congress had in mind" as a predicate statute for immunity under § 7903(5)(A)(iii). *See Ileto*, 565 F.3d at 1135-36.[10]

28.     Plaintiffs' allegation that Riverview Sales, Inc.'s "conduct" *in s*elling the firearm to Nancy Lanza "constituted a public nuisance" also does not fit within any of the six exceptions to firearm seller immunity. *See* 15 U.S.C. §§ 7903(5)(A)(i)-(vi*)*; *City of New York*, 524 F.3d at 403 (ordering dismissal of nuisance claim as barred by the PLCAA); *Ileto*, 565 F.3d at 1126 (general tort theories of liability preempted by the PLCAA, including public nuisance claim). Congress did not provide an exception to immunity under the PLCAA based on common law public nuisance.

29.     Nor did Congress create an exception to immunity based on ordinary negligence.

---

[10]   CUTPA is also not the type of statute that can serve as the basis for a negligence per se claim under Connecticut law, and thus cannot be the basis for a negligence per se claim within the § 7903(5)(A)(ii) exception to immunity. *See generally Gore v. Peoples Savings Bank*, 235 Conn. 360 (1995).

*Ileto*, 565 F.3d at 1135-36 ("Congress clearly intended to preempt common law claims, such as general tort theories of liability[,]" including "classic negligence" claims); *Gilliand v. Sportsmen's Outpost, Inc.*, 2011 WL 2479693, *16 (Conn. Super. May 26, 2011) ("[I]t is clear that … a 'qualified civil liability action' … includes cases where it is alleged that gun sellers negligently cause harm."); *Estate of Kim ex rel. Alexander v. Coxe*, 295 P.2d 3d 380, 386 (Alaska 2013) ("The statutory exceptions [under the PLCAA] do not include general negligence, and reading a general negligence exception into the statute would make the negligence per se and negligent entrustment exceptions a surplussage.").

30. In sum, there is no reasonable basis for a cause of action against Riverview Sales, Inc. Under the facts pleaded by Plaintiffs, Riverview Sales, Inc. is immune from liability under the PLCAA and has been improperly joined as a defendant in this case.

## AMOUNT IN CONTROVERSY

31. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy is greater than $75,000, exclusive of interest and costs.

32. Removing defendants must show that it appears "to a reasonable probability" that the claimed amount in controversy exceeds the statutory jurisdictional threshold. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). If it is facially apparent from the plaintiffs' complaint that the amount in controversy exceeds the removal threshold, the amount in controversy requirement is satisfied.

33. Nine Plaintiffs assert thirty (30) wrongful death claims and one plaintiff asserts a personal injury claim. Together, they seek (1) monetary damages (for *e.g.*, "Terror"; "ante-mortem pain and suffering"; "destruction of the ability to enjoy life's activities"; "destruction of earning capacity"; "pain and suffering"; "severe, permanent and painful injuries"; "medical

expenses"; and "death"), (2) punitive damages, (3) attorneys' fees, (4) costs, and (5) injunctive relief. (*See* Compl. at "WHEREFORE" clause; and *e.g.*, Count One, ¶¶ 192-193 and Count Thirty-three, ¶¶ 193-194.)  Given the multiplicity of Plaintiffs and their multiple claims against multiple defendants, the Complaint, on its face, seeks compensation far in excess of the jurisdictional threshold of $75,000.  (*See* Declaration of Counsel, attached as <u>Exhibit D</u>.)

34. Because both of the requirements for federal diversity jurisdiction under 28 U.S.C § 1332 are satisfied, *i.e.*, complete diversity of citizenship exists between the Plaintiffs, on the one hand, and the Remington Defendants, the Camfour Defendants and David LaGuercia, on the other hand, and the amount in controversy exceeds the statutory minimum, this action is properly removed.

35. Prompt written notice of this Notice of Removal is being sent to Plaintiffs through their counsel, and a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the Judicial District of Fairfield County (at Bridgeport), as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants, Remington Arms Company, LLC and Remington Outdoor Company, Inc., hereby give notice that this action is removed from the Superior Court of the Judicial District of Fairfield County (at Bridgeport) to the United States District Court for the District of Connecticut.

Dated:  January 14, 2015.

Respectfully submitted,

*/s/ Jonathan P. Whitcomb*
One of the Attorneys for Defendants,
Remington Arms Company, LLC, and Remington Outdoor Company, Inc.

Jonathan P. Whitcomb (CT15014) (jwhitcomb@dmoc.com)
Richard Castiglioni (CT07280) (rcastiglioni@dmoc.com)
Matthew C. Wagner (CT25926) (mwagner@dmoc.com)
Jonathan J. Kelson (CT26755) (jkelson@dmoc.com)
Diserio Martin O'Connor & Castiglioni LLP
One Atlantic Street
Stamford, Connecticut 06901
(203) 358-0800
(203) 348-2321 fax


James B. Vogts (*pro hac vice* application forthcoming) jvogts@smbtrials.com
Andrew A. Lothson (*pro hac vice* application forthcoming) alothson@smbtrials.com
Swanson, Martin & Bell, LLP
330 North Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100

**Attorneys for Defendants,
Remington Arms Company, LLC, and
Remington Outdoor Company, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of January, 2015, I caused to be served a copy of the foregoing document on all counsel of record listed below, via the Court's ECF system and Federal Express.

Joshua D. Koskoff
Alinor C. Sterling
Katie Mesner-Hage
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, CT 06604
Tel: 203-336-4421
Fax: 203-368-3244

**Attorneys for Plaintiffs**

>    */s/  Jonathan P. Whitcomb*
>    One of the Attorneys for Defendants,
>    Remington Arms Company, LLC, and
>    Remington Outdoor Company, Inc.