IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONNA L. SOTO, ADMINISTRATRIX OF THE ESTATE OF VICTORIA L. SOTO, *et al.* ) ) ) | |
| Plaintiffs,                                          ) | Civil Action No. 3:15-cv-68 (RNC) |
| ) | |
| VS.                                                   ) | |
| ) | |
| BUSHMASTER FIREARMS INTERNATIONAL, LLC a/k/a/ FREEDOM GROUP, INC. a/k/a/ REMINGTON OUTDOOR GROUP, INC., *et al.* ) ) ) ) | February 13, 2015 |
| ) | |
| Defendants.                                    ) | |

## MOTION TO REMAND

Pursuant to 28 U.S.C. § 1447, plaintiffs Donna Soto, Ian and Nicole Hockley, David Wheeler, Mary D'Avino, Mark and Jacqueline Barden, William D. Sherlach, Neil Heslin and Scarlett Lewis, Leonard Pozner, Gilles Rousseau, and Natalie Hammond move the Court to remand this case to Connecticut Superior Court because the Court lacks subject matter jurisdiction over this action. In their Notice of Removal, the defendants claim that the Court may exercise diversity jurisdiction. Diversity jurisdiction, however, requires complete diversity of the parties. *See* 28 U.S.C. § 1332. Plaintiffs are citizens of Connecticut, and defendant Riverview Sales, Inc. ("Riverview") is incorporated in Connecticut and has its principal place of business here. Diversity is therefore incomplete and remand to the Connecticut Superior Court is compulsory.

The defendants nonetheless assert that under the fraudulent joinder exception to the requirement of complete diversity, the Court may disregard Riverview's Connecticut citizenship. As its name indicates, however, that exception applies only when the removing defendant proves

1

that there is a flaw specific to the joinder of the in-state defendant. The defendants here fail to identify, much less establish by the clear and convincing proof required, any flaw whatsoever in Riverview's joinder as a defendant in this action. Defendants do not even attempt to show in their Notice of Removal that Riverview has no true factual connection to this case – they could not since Riverview *sold* the Bushmaster XM15-E2S rifle to Nancy Lanza. Nor do they establish that the claims and defenses relating particularly to Riverview are flawed. The only argument they offer to prove the fraudulent joinder of Riverview is based on the Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C. §§ 7901 *et seq.*, which is the very same argument they intend to use to challenge the propriety of plaintiffs' claims against the diverse defendants. In other words, the defendants merely raise a defense that they believe will dispose of plaintiffs' case in its entirety; they do not prove Riverview is fraudulently joined.

Not surprisingly, this type of removal tactic has been uniformly rejected by federal courts for more than a century. Under *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146 (1914), and its progeny, a defendant may not assert fraudulent joinder by arguing, in effect, that the plaintiff's case is "ill founded as to all the defendants." *Cockrell*, 232 U.S. at 153. When a common defense is asserted as the basis for a fraudulent joinder claim, the fraudulent joinder exception simply does not apply. Such an argument for removal does not establish any flaw in the *joinder* of the in-state defendant; it concerns only a substantive dispute on the merits for the state court to resolve. *See also Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14 (1983) ("[A] case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.").

Defendants' attempt to obtain adjudication of their arguments in this Court – a forum they apparently prefer to state court – is a textbook example of this type of misuse of the removal statutes.  This case belongs in Connecticut Superior Court:  it must be remanded.

In addition, because Riverview is not fraudulently joined, the Notice of Removal violates the forum defendant rule, 28 U.S.C. § 1441(b)(2).

A Memorandum of Law in support of this Motion is filed herewith.

                        THE PLAINTIFFS,

           By        /s/ Joshua D. Koskoff
                Joshua D. Koskoff (ct15619)
                Alinor C. Sterling (ct17207)
                KOSKOFF, KOSKOFF & BIEDER
                350 Fairfield Ave.
                Bridgeport, CT  06604
                Tel:  (203) 336-4421

## **CERTIFICATE OF SERVICE**

     I hereby certify that on February 13, 2015, a copy of the foregoing Motion and accompanying Memorandum of Law was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                                                  */s/* Joshua D. Koskoff
                                       Joshua D. Koskoff (ct15619)