# EXHIBIT A

# DISERIO MARTIN O'CONNOR & CASTIGLIONI LLP

ATTORNEYS AT LAW

ONE ATLANTIC STREET
STAMFORD, CT 06901

35 MASON STREET
GREENWICH, CT 06830
TELEPHONE: (203) 622-4100

TELEPHONE: (203) 358-0800
FACSIMILE:  (203) 348-2321
WWW.DMOC.COM

50 MAIN STREET
SUITE 1000
WHITE PLAINS, NY 10606
TELEPHONE: (914) 684-0090

Jonathan P. Whitcomb*
jwhitcomb@dmoc.com
*Also Admitted in NY

Reply To: Stamford Office

January 21, 2015

**Via Hand Delivery**

The Honorable Robert N. Chatigny
Abraham Ribicoff Federal Building
United States Courthouse
450 Main Street - Room 228
Hartford, Connecticut 06103

    Re:     *Soto, et al., v. Bushmaster Firearms International, LLC, et al.*
    Case No.:   3:15-CV-00068-RNC

Dear Judge Chatigny:

    This firm, together with co-counsel James Vogts and Andrew Lothson of the firm Swanson, Martin & Bell, LLP, Chicago, IL, represents Defendants Remington Arms Company, LLC and Remington Outdoor Company, Inc. (collectively, the "Remington Defendants") in the above referenced matter. The Remington Defendants timely removed this action to this Court on January 14, 2015 [DE 1], after having been served on December 15, 2014. The present deadline for the Remington Defendants to answer or otherwise plead in response to the Complaint (the "Response Deadline") is today, January 21, 2015. Fed. R. Civ. P. 81(c)(2)(C). In accordance with this Court's Order on Pretrial Deadlines, paragraph (b) [DE 7] ("Order"), I write to respectfully request a pre-motion conference in advance of filing a Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and to request that the Response Deadline be extended until after the Court has resolved the present request for pre-motion conference, or otherwise ordered a schedule for the filing of Rule 12(b)(6) motions in response to the Complaint.

    This lawsuit arises from the December 14, 2012 shooting at Sandy Hook Elementary School by Adam Lanza. The Remington Defendants allegedly manufactured one of the firearms used by Lanza. Plaintiffs' Complaint ("Compl.") asserts claims against the Remington Defendants for (1) products liability, (2) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), (3) public nuisance, and (4) negligent entrustment. (*See* Compl. at Count One, ¶¶ 183-190.)

The Honorable Robert N. Chatigny
January 21, 2015
Page 2

Plaintiffs' Complaint should be dismissed under the Protection of Lawful Commerce in Arms Act, 15 U.S.C. § 7901 *et seq.* ("PLCAA"). The PLCAA broadly prohibits civil actions for damages and other forms of relief against firearm manufacturers and sellers resulting from the criminal or unlawful use of firearms by third parties. *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384 (2d Cir. 2008), *cert. denied*, 129 S. Ct. 3320 (2009); *Ileto v. Glock*, 565 F.3d 1126 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 3320 (2010).

Congress enacted the PLCAA specifically because lawsuits had "been commenced against manufacturers, distributors, dealers, and importers of firearms that operate as designed and intended, which seek money damages and other relief for the harm caused by third parties, including criminals." 15 U.S.C. § 7901(a)(3). Congress found these lawsuits to be "an abuse of the legal system" and enacted the PLCAA to ensure that those who manufacture and sell firearms are not held "liable for the harm caused by those who criminally or unlawfully misuse them." 15 U.S.C. §§ 7901(a)(5), (6).

Congress, therefore, acted to preempt such "qualified civil liability action[s]" by prohibiting such lawsuits from being "brought in any Federal or State court." 15 U.S.C. § 7902(a). Plaintiffs' lawsuit falls squarely within the protections afforded to firearm manufacturers by Congress and it should "be immediately dismissed." 15 U.S.C. § 7902(b). Immunity under the PLCAA is a threshold question of law appropriately decided under Fed. R. Civ. P. 12(b)(6). *Jefferies v. District of Columbia*, 916 F. Supp. 2d 42, 44 (D.D.C. 2013).

The PLCAA is plainly written. The operative provision is § 7903(5)(A), which defines a "qualified civil liability action" subject to immediate dismissal:

> The term "qualified civil liability action" means a civil action or proceeding or an administrative proceeding brought by any person against a manufacturer or seller of a qualified product, or a trade association, for damages, injunctive or declaratory relief, abatement, restitution, fines, or penalties, or other relief, resulting from the criminal or unlawful misuse of a qualified product by the person or a third party[.]

15 U.S.C. § 7903(5)(A). This lawsuit is a "qualified civil liability action" involving a "qualified product[.]" 15 U.S.C. §§ 7903(5)(A), (4). The question is whether any of the claims pleaded against the Remington Defendants fit within any of the six enumerated exceptions to immunity under the PLCAA. *See* 15 U.S.C. §§ 7903(5)(A)(i)-(vi). They do not.

First, while an exception to PLCAA immunity exists for a state law claim for damages "resulting directly from an alleged defect in design or manufacture of [a firearm], when the firearm is used as intended or in a reasonably foreseeable manner," the PLCAA dictates that such an action is not available "where the discharge of the [firearm] was caused by a volitional act that constituted a criminal offense." 15 U.S.C. § 7903(5)(A)(v). Thus, to the extent Plaintiffs have attempted to plead a products liability action for design, manufacture or marketing defects under the Connecticut Product Liability Act ("CPLA") (*see* Compl. at Count One, ¶¶ 183-84),

The Honorable Robert N. Chatigny
January 21, 2015
Page 3

the PLCAA bars the claim. Under this circumstance, the criminal act is "considered the sole proximate cause of the resulting death, personal injuries or property damage." 15 U.S.C. § 7903(5)(A)(v). Plaintiffs allege Adam Lanza's actions were criminal, and that their damages resulted from his criminal misuse of a firearm. (Compl. at ¶¶ 166-170.) Thus, Plaintiffs cannot state a product liability claim against the Remington Defendants.

    Second, Plaintiffs have not alleged that the Remington Defendants violated a statute "applicable to the sale or marketing" of firearms. Thus, while an action against a manufacturer for "knowingly violat[ing] a State or Federal statute applicable to the sale or marketing" of firearms is an exception to PLCAA immunity, 15 U.S.C. § 7903(5)(A)(iii), Plaintiffs' Complaint on its face cannot meet this exception. As explained by the Second Circuit, this exception encompasses only statutes that "expressly regulate firearms" or "that clearly can be said to implicate the purchase and sale of firearms." *City of New York*, 524 F.3d at 403 (holding that the New York criminal nuisance statute was not "applicable to the sale or marketing of firearms"). Nor does the exception encompass statutes of general application. *Ileto*, 565 F.3d at 1135-36 (finding it "likely that Congress had in mind only ... statutes that regulate manufacturing, importing, selling, marketing, and using firearms or that regulate the firearms industry – rather than general tort theories that happened to have been codified by a given jurisdiction."). The only statute referenced in Plaintiffs' Complaint is CUTPA (Compl. at Count One, ¶ 190)—a statute that does not expressly regulate or clearly implicate the regulation of firearms. *See* Conn. Gen. Stat. § 42-110g. CUTPA is a statute of general application that, in certain circumstances not even applicable here, creates an action to recover an "ascertainable amount of money or property" resulting from unfair or deceptive business practices. Conn. Gen. Stat. § 42-110g(a). CUTPA is not the type of statute "Congress had in mind" as a predicate statute for immunity under § 7903(5)(A)(iii). *See Ileto*, 565 F.3d at 1135-36.

    Third, Congress limited the availability of a state law action for negligent entrustment of a firearm to an action against a "seller." *See* 15 U.S.C. § 7903(5)(A)(ii). The Remington Defendants are not "sellers" under the plain language of the PLCAA. Thus, Plaintiffs cannot bring a negligent entrustment action against them, let alone one that would succeed.

    Fourth, while Plaintiffs allege that the conduct of the Remington Defendants "constituted a public nuisance" (Compl. at Count One, ¶ 189), Congress did not provide for a public nuisance exception to PLCAA immunity. *See* 15 U.S.C. §§ 7903(5)(A)(i)-(vi); *see also City of New York*, 524 F.3d at 403 (ordering dismissal of nuisance claim as it was barred by the PLCAA); *Ileto*, 565 F.3d at 1126 (finding that general tort theories of liability preempted by the PLCAA, including public nuisance claim). Accordingly, Plaintiffs cannot bring a public nuisance claim against the Remington Defendants, and any such action would fail, in any event.

    Pursuant to the Order, counsel for the Remington Defendants have conferred with Plaintiffs' counsel, and, while Plaintiffs do not consent to dismissal of their Complaint, they do consent to an extension of the Response Deadline and for the filing of a Rule 12 motion to dismiss up to and including February 20, 2015; the Remington Defendants are prepared to file a Rule 12(b)(6) motion to dismiss by January 30, 2015.

The Honorable Robert N. Chatigny
January 21, 2015
Page 4

      The Remington Defendants and Plaintiffs have also been informed that the other defendants in the case (the Camfour Defendants and the Riverview Defendants) also intend to file motions to dismiss. A joint briefing schedule for motions to dismiss would be efficient for the parties and the Court. The Remington Defendants are also agreeable to Plaintiffs having more than the customary 21-days to file response briefs, so long as the Remington Defendants are afforded additional time for a reply brief.

      For all of the foregoing reasons, the Remington Defendants respectfully request a pre-motion conference for approval to file a motion to dismiss Plaintiffs' Complaint; for consideration of a joint briefing schedule for all motions to dismiss, response briefs and replies; and, in the interim, that the Court extend the Response Deadline until after the Court has resolved this pre-motion conference request.

      Thank you for your consideration.

Very truly yours,

Jonathan P. Whitcomb

MCW:sm

cc:    Matthew Wagner    mwagner@dmoc.com
       Andrew Lothson    alothson@smbtrials.com
       James B. Vogts    jvogts@smbtrials.com
       Joshua D. Koskoff    JKoskoff@KOSKOFF.com
       Scott C. Allan    sallan@renzullilaw.com
       Christopher Renzulli    crenzulli@renzullilaw.com
       Michael R. Patrick    michael@pllclaw.com