# SWANSON, MARTIN & BELL, LLP

**ATTORNEYS AT LAW**
330 NORTH WABASH • SUITE 3300
CHICAGO, ILLINOIS 60611
(312) 321-9100 • FAX (312) 321-0990

**James B. Vogts**
(312) 321-9100

E-mail at
jvogts@smbtrials.com

February 17, 2015

**BY ECF/CM (e-filing)**
The Honorable Robert N. Chatigny
Abraham Ribicoff Federal Building
United States Courthouse
450 Main Street - Room 228
Hartford, Connecticut 06103

      Re:      *Soto, et al., v. Bushmaster Firearms International, LLC, et al.*
      Case No.:      3:15-CV-00068-RNC

Dear Judge Chatigny:

      I am one of the attorneys representing Defendants Remington Arms Company, LLC and Remington Outdoor Company, Inc. (collectively, the "Remington Defendants") in the above referenced matter. The Remington Defendants' pre-motion letter requesting permission to file a motion to dismiss was submitted on January 21, 2015. The parties received a request from your judicial assistant asking for an e-filed proposed briefing schedule for motions to dismiss. While Plaintiffs did not initially voice opposition to the filing of motions to dismiss and never submitted a response to the pre-motion letter, Plaintiffs have now indicated they will not agree to a briefing schedule on motions to dismiss. As such, the Remington Defendants propose the following briefing schedule for their motion to dismiss (this is the same briefing schedule proposed to Plaintiffs):

- Remington Defendants' motion to dismiss to be filed on or before February 20, 2015
- Plaintiffs' response briefs to be filed on or before March 20, 2015
- Remington Defendants' reply brief to be filed on or before April 10, 2015

      Plaintiffs have also filed a motion to remand, wherein they mention that the Defendants are to file motions to dismiss by February 20, 2015. (ECF 27-1 at p. 6.) Plaintiffs state that they will seek "leave to defer filing" a response in opposition to motions to dismiss. (*Id*.) The only basis offered for that position is that Plaintiffs believe the Court will find that it is without jurisdiction. Plaintiffs are wrong on several levels.

      Plaintiffs' remand motion relies on the "common defense rule" as the ground for remand. As Plaintiffs conceded in their brief, however, that exception to improper joinder-based

The Honorable Robert N. Chatigny
February 17, 2015
Page 2

removal has not been adopted by the Second Circuit or in the District of Connecticut. Indeed, the rule has been heavily criticized even within those circuits that have adopted it. *See, e.g.*, *Note, Fifth Circuit Establishes "Common Defense" Exception to Fraudulent Joinder Doctrine.*, 118 HARV. L. REV. 1086 (2005) (analyzing the majority and dissenting opinions in *Smallwood v. Illinois Central Railroad Co. (Smallwood II)*, 385 F.3d 568 (5th Cir. 2004), a case heavily relied on by Plaintiffs here).

In any event, Plaintiffs misapply the common defense rule. For example, a judicial determination that there is no reasonable basis for Plaintiffs' claims against Riverview Sales (the non-diverse defendant) because of the protection afforded by the Protection of Lawful Commerce in Arms Act, 15 U.S.C. § 7901 *et seq.* ("PLCAA"), will not, by itself, require dismissal of all claims Plaintiffs have asserted against all parties. Plaintiffs have pleaded a separate and analytically distinct, product liability claim against the Remington Defendants that will not be addressed in the context of the motion to remand but only under the Remington Defendants' Rule 12(b)(6) motion. (*See* ECF 1, Notice of Removal at p. 8 n. 8.) As a result, the common defense rule—that Plaintiffs urge the Court to adopt—does not apply. *See, e.g.*, *Smallwood II*, 385 F.3d at 571 (majority opinion held that the "common defense" exception applies only "when a nonresident defendant's showing that there is no reasonable basis for predicting that state law would allow recovery against an in-state defendant *equally disposes of all defendants*[.]" (emphasis added)). A finding that the PLCAA bars the claims against Riverview Sales will not "equally" dispose of all claims against the Remington Defendants.

Moreover, the PLCAA does not afford equal immunity to all who manufacture and sell firearms. For example, it treats claims made against "manufacturers" and "sellers" differently. *See, e.g.*, 15 U.S.C. §§ 7903(2) (defining manufacturer), (6) (defining seller), (5)(A)(ii) (negligent entrustment exception), and (5)(B) (negligent entrustment claim categorically precluded against manufacturer). It is not enough for Plaintiffs to broadly argue that all defendants will assert the PLCAA as a "common defense" and, therefore, remand is appropriate under the "common defense rule."

The Remington Defendants believe the parties should move forward concurrently on both motions to dismiss and remand because Plaintiffs' motion to remand is not well-founded. Indeed, Plaintiffs' failure to address in their motion to remand how the PLCAA specifically impacts their claims against Riverview Sales underscores the futility of Plaintiffs' lawsuit and their assertion that Riverview Sales has been properly joined. And as those federal circuits that have adopted the common defense rule have concluded, consideration of the merits of all claims against all of the parties is required to determine whether to apply the rule.

At this juncture, it is our understanding that the co-defendants will seek additional time in which to file their motions to dismiss.

The parties have also discussed a case management order. The parties agree that their obligations under Rule 26(f) should be stayed pending resolution of Plaintiffs' motion to remand. The Remington Defendants ask that those obligations be further stayed pending resolution of Rule 12(b)(6) motions.

The Honorable Robert N. Chatigny
February 17, 2015
Page 3

        Thank you for your attention to this matter.

                                          Very truly yours,

                                          */s/ James B. Vogts*
                                          James B. Vogts (Bar No. phv07263)
                                          Swanson, Martin & Bell, LLP,
                                          One of the Attorneys for the Defendants,
                                          Remington Arms Company, LLC and
                                          Remington Outdoor Company, Inc.

JBV/lh

cc:  (All counsel of record via ECF/CM)