UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONNA L. SOTO, ADMINISTRATRIX OF THE ESTATE OF VICTORIA L. SOTO, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> BUSHMASTER FIREARMS INTERNATIONAL, LLC a/k/a FREEDOM GROUP, INC. a/k/a REMINGTON OUTDOOR GROUP, INC., et al., <br><br>  Defendants. | ) <br> ) <br> ) <br> ) No. 3:15-CV-00068-RNC <br> ) <br> ) <br> ) <br> ) February 18, 2015 <br> ) <br> ) <br> ) <br> ) |

**<u>DEFENDANTS CAMFOUR, INC.'S AND CAMFOUR HOLDING, INC.'S
MOTION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT
AND RESPONSE TO THE COURT'S REQUEST FOR A BRIEFING SCHEDULE
FOR MOTIONS TO DISMISS THE COMPLAINT</u>**

Defendants Camfour, Inc. and Camfour Holding, Inc., s/h/a Camfour Holding, LLP a/k/a Camfour Holding, Inc. (collectively referred to as "Camfour") respectfully move for an additional extension to respond to the Complaint. Camfour previously sought and was granted an initial thirty day extension pursuant to Local Civil Rule 7(b)(1)(a). (Dkt. No. 18). Camfour's response to the Complaint is presently due on February 20, 2015.

This case was removed to this Court on January 14, 2015, and plaintiffs filed a Motion to Remand on February 13, 2015 (Dkt. No. 27). Camfour intends to file a motion to dismiss the Complaint pursuant to the Protection of Lawful Commerce in Arms Act, 15 U.S.C. § 7901, *et. seq.* and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs have requested that this Court determine whether it has subject matter jurisdiction over this case before they are required to respond to any motions to dismiss the Complaint.

Defendants Remington Arms Company, LLC and Remington Outdoor Company, Inc. (collectively referred to as "Remington") wrote to the Court on February 17, 2015, (Dkt. No. 28), proposing to file their motion to dismiss the Complaint on February 20, 2015 and that briefing on it proceed simultaneously with briefing on plaintiffs' Motion to Remand.

Should this Court enter a briefing schedule for Remington's motion to dismiss, Camfour will file its motion to dismiss consistent with that schedule.  In the alternative, should this Court not enter a briefing schedule for Remington's motion to dismiss because of plaintiffs' request that this Court first determine whether it has subject matter jurisdiction over this case, Camfour respectfully requests a twenty-one day extension to respond to the Complaint from the date of this Court's ruling on whether it has subject matter jurisdiction over this case.

Counsel for plaintiffs, Alinor C. Sterling, Esq., has advised that plaintiffs have no objection to the requested extension.

For the above reasons, Camfour respectfully requests that this Court grant its motion for an additional extension to respond to the Complaint, and extend the deadline for its motion to dismiss to follow any briefing schedule entered in response to Remington's February 17, 2015 request or, if no briefing schedule is entered for Remington's motion to dismiss, by twenty-one days after this Court's decision on whether it has subject matter jurisdiction over this case.

Dated: White Plains, New York
       February 18, 2015

                         Respectfully submitted,

By:   *Scott C. Allan*
     John F. Renzulli, CT11119, jrenzulli@renzullilaw.com
     Christopher Renzulli, CT24597, crenzulli@renzullilaw.com
     Scott C. Allan, CT24143, sallan@renzullilaw.com
     **RENZULLI LAW FIRM, LLP**
     81 Main Street, Suite 508

        White Plains, New York 10601
        Telephone: (914) 285-0700
        Facsimile:  (914) 285-1213

        Attorneys for defendants Camfour, Inc. and Camfour Holding, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2015, a copy of the foregoing Agreed-To Motion for an Extension of Time to Respond to the Complaint and Response to the Court's Request for a Briefing Schedule for Motions to Dismiss the Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        By:    *Scott C. Allan*
                Scott C. Allan, CT24143, sallan@renzullilaw.com
                **RENZULLI LAW FIRM, LLP**
                81 Main Street, Suite 508
                White Plains, New York 10601
                Telephone: (914) 285-0700
                Facsimile:  (914) 285-1213

                Attorneys for defendants Camfour, Inc. and Camfour Holding, Inc.