**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DONNA L. SOTO, ADMINISTRATRIX OF | ) | |
| THE ESTATE OF VICTORIA L. SOTO, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 3:15-cv-68 (RNC) |
| | ) | |
| VS. | ) | |
| | ) | |
| BUSHMASTER FIREARMS | ) | |
| INTERNATIONAL, LLC a/k/a/ FREEDOM | ) | |
| GROUP, INC. a/k/a/ REMINGTON OUTDOOR | ) | February 18, 2015 |
| GROUP, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR ENTRY OF SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 6(b), plaintiffs Donna Soto, Ian and Nicole Hockley, David Wheeler, Mary D'Avino, Mark and Jacqueline Barden, William D. Sherlach, Neil Heslin and Scarlett Lewis, Leonard Pozner, Gilles Rousseau, and Natalie Hammond move the Court to enter a scheduling order concerning remand briefing, Rule 12(b)(6) briefing, and the parties' automatic disclosure and planning conference obligations under Rule 26.  Plaintiffs propose that the Court enter a briefing schedule which addresses jurisdiction first.  Only after the Court determines it has subject matter jurisdiction should the parties proceed with briefing under Rule 12(b)(6).  Plaintiffs oppose the briefing schedule proposed by the Bushmaster Defendants in their February 17, 2015 letter to the Court because the Bushmaster Defendants' proposal would require the parties to brief substantive issues before the Court determines that it has subject matter jurisdiction.

**I.      Applicable Legal Standard**

Pursuant to Federal Rule of Civil Procedure 6(b), courts have "wide discretion" to grant requests for extensions and set briefing schedules.  *Ramashwar v. City of New York*, 231 F.

App'x 26, 28 (2d Cir. 2007); 4B Wright & Miller, Fed. Prac. & Proc. Civ. § 1165 (4th ed.) ("[F.R.C.P. 6(b)] gives the court extensive flexibility to modify the fixed time periods found throughout the rules, whether the extension is sought before or after the actual termination of the allotted time.").

## II.      Factual and Procedural Background.

This action arises out of the shooting at Sandy Hook Elementary School in Newtown on December 14, 2012 that killed twenty first-grade children and six educators and wounded two others.

### A.      The Allegations of the Complaint.

The plaintiffs in this case are Donna L. Soto, for the estate of her daughter, teacher Victoria Leigh Soto; Ian and Nicole Hockley, for the estate of their six-year-old son, Dylan Christopher Jack Hockley; David C. Wheeler, for the estate of his six-year-old son, Benjamin A. Wheeler; Mary A. D'Avino, for the estate of her daughter, behavioral therapist Rachel Marie D'Avino; Mark and Jacqueline Barden, for the estate of their seven-year-old son, Daniel G. Barden; William D. Sherlach, for the estate of his wife, school psychologist Mary Joy Sherlach, and for himself individually; Neil Heslin and Scarlett Lewis, for the estate of their six-year-old son, Jesse McCord Lewis; Leonard Pozner, for the estate of his six-year-old son, Noah Samuel Pozner; Gilles J. Rousseau, for the estate of his daughter, substitute teacher Lauren G. Rousseau; and teacher Natalie Hammond on her own behalf.  Dkt. #1, Notice of Removal, Ex. 1, Complaint (hereafter "Complaint") ¶¶ 35-44.  Plaintiffs are all citizens of Connecticut.  Dkt. # 1, Notice of Removal ¶ 11.

The defendants are the entities that manufactured, distributed, and sold the Bushmaster XM15-E2S rifle used in the Sandy Hook shooting: the Bushmaster Defendants, the Camfour

Defendants, and the Riverview Defendants.  Complaint ¶¶ 1-33.  The appearing Bushmaster

Defendants (who prefer to call themselves the Remington Defendants) are Remington Outdoor

Company, Inc. and Remington Arms Company, LLC.[1]  These defendants both have their

principal places of business in North Carolina and are incorporated in Delaware.  *See* Dkt. #1,

Notice of Removal, ¶¶ 6-7.  The Camfour Defendants are Camfour, Inc. and Camfour Holding;

they both have their principal place of business in Massachusetts and are incorporated there.  *Id.*

¶ 8.  The Riverview Defendants are Riverview Sales, Inc. and David LaGuercia.  Mr. LaGuercia,

the federal firearms licensee of Riverview Sales, Inc. is a citizen of Massachusetts.  *Id.* ¶ 10.

Riverview is incorporated in Connecticut and has its principal place of business here as well.  *Id.*

¶ 9.

     Plaintiffs allege that the Bushmaster XM15-E2S rifle used in the shooting belongs to a

specific category of weapons that were designed for the United States military to function as a

lightweight but lethal service weapon.  Complaint ¶¶ 45-51.  The United States military – and

more recently law enforcement – are appropriate markets for these weapons due to their

specialized needs and highly regimented safety protocols.  *Id.* ¶¶ 105-127.  The civilian

population, by contrast, is a wholly inappropriate market for these weapons:  military rifles are

grossly ill-suited to home defense and sold with no regard for the purchaser's training,

experience, access to safe storage, or intent to make the weapon available to others.  *Id.* ¶¶ 128-

143.  Repeated mass shootings of innocent Americans with rifles like the Bushmaster XM15-

E2S – including several attacks against school children – have been widely publicized and are

well known to the entities that manufacture and sell the Bushmaster XM15-E2S rifle.  *Id.* ¶¶ 144-

---

[1] The Complaint names additional entities as Bushmaster defendants.  These entities have not
appeared.  The Remington Defendants have stated that those additional entities do not exist.  *See*
Dkt. #1, Notice of Removal, at 1 n.1.

48.  In each step in the distribution channel – the Bushmaster defendants' sale to the Camfour

defendants, the Camfour defendants' sale to the Riverview defendants, and the Riverview

defendants' sale to Nancy Lanza – the defendants negligently entrusted a weapon designed to

inflict mass casualties to a user who would foreseeably endanger others by making the XM15-

E2S available to persons unfit to possess it.  Based on these and additional allegations, plaintiffs

assert claims of negligent entrustment, public nuisance, and violation of the Connecticut Trade

Practices Act (CUTPA), Conn. Gen. Stat. §§ 42-110a *et seq.* against each of the defendants.

> **B.      The Notice of Removal.**

The Bushmaster Defendants removed the case to this Court on January 14, 2015.  They

claim diversity jurisdiction as the sole basis for federal subject matter jurisdiction.[2]  The

plaintiffs, however, are citizens of Connecticut; so is Riverview.  Dkt. #1, Notice of Removal ¶¶

9, 11.  Thus on the face of the pleadings, there is no diversity jurisdiction.

In an effort to manufacture complete diversity, the Bushmaster defendants claim that

Riverview is fraudulently joined because of the Protection of Lawful Commerce in Arms Act

(PLCAA), 15 U.S.C. §§ 7901 *et seq*.  According to the Bushmaster defendants, PLCAA provides

a sweeping defense which bars all of plaintiffs' claims against Riverview.  *See* Dkt. # 1, Notice

of Removal, ¶¶ 20-30.  Thus, they claim, PLCAA provides a complete defense to plaintiffs'

claims of negligent entrustment, violation of the Connecticut Unfair Trade Practices Act, and

nuisance against Riverview.  *Id.* ¶¶ 22-23.

---

[2] The Bushmaster Defendants do not claim that there is federal question jurisdiction.  PLCAA is
not asserted as a basis for removal, and it could not in any event provide one.  Removal in
anticipation of a federal defense is not permitted.  *See Franchise Tax Bd. v. Construction
Laborers Vacation Trust*, 463 U.S. 1, 10, 12 (1983); *First American Casino Corp. v. Eastern
Pequot Nation*, 175 F. Supp. 2d 205, 207 (D. Conn. 2000).

On January 21, 2015, the Bushmaster Defendants sent a letter to the Court, outlining the arguments they will make in connection with their anticipated Rule 12(b)(6) Motion to Dismiss plaintiffs' complaint.  In that letter, the Bushmaster Defendants argue that PLCAA bars the claims against them.  1/21/15 Letter, at Pp. 2-4.

On February 13, 2015, plaintiffs moved the Court to remand the case to Connecticut Superior Court for lack of subject matter jurisdiction.

Defendants are presently scheduled to file Motions to Dismiss by February 20, 2015.  The Court ordered the parties to file a proposed briefing schedule concerning the Rule 12(b)(6) Motions by February 18, 2015.

On February 17, 2015, the Bushmaster Defendants filed a letter brief setting forth their position concerning Rule 12(b)(6) briefing and arguing substantively against the Motion to Remand.[3]  Plaintiffs object to the briefing schedule proposed by the Bushmaster Defendants.

### III.    PROPOSED BRIEFING SCHEDULE.

Plaintiffs move the Court to set a briefing schedule which first addresses jurisdiction in two phases, as further set forth below.  Plaintiffs propose that the Court order Rule 12(b)(6) briefing to proceed only after it addresses jurisdiction.

---

[3]   The Bushmaster Defendants imply in this letter that the plaintiffs surprised them by taking the position that jurisdiction should be decided before Rule 12(b)(6) briefing is done.  First, a removing defendant claiming fraudulent joinder should anticipate that the Court will need to address subject matter jurisdiction in the first instance.  Second, plaintiffs have been entirely forthright concerning our intention to file a Motion to Remand.  The Bushmaster Defendants were advised by plaintiffs' counsel that plaintiffs would be moving to remand by email on January 20, 2015 and again by email sent on February 6, 2015.  In the latter email, plaintiffs' counsel indicated that it would be important to consider the impact of the Motion to Remand on any briefing schedule. And third, plaintiffs did not respond to the Bushmaster Defendants' 1/21/15 letter to the Court because it was our understanding that that letter was being filed pursuant to the Court's Standing Order on Pretrial Deadlines; the Standing Order does not call for a response to be filed.

**A.      Determination of Subject Matter Jurisdiction.**

Phase One:

Plaintiffs' Motion to Remand was filed 2/13/15.

Defendants' Memoranda in Opposition shall be filed on or before March 11, 2015.

Plaintiffs' Reply Briefs shall be filed by March 25, 2015.

If the Court determines that the rule of *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146 (1914), governs this case, then the case will be remanded to Connecticut Superior Court.

Phase Two

If the Court determines that the rule of *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146 (1914) is not determinative, then further briefing on subject matter jurisdiction will be required.

Within twenty-one days of such a ruling, plaintiffs shall file a Supplemental Memorandum in support of their Motion to Remand addressing the Bushmaster defendants' substantive remand arguments.

Defendants shall then have twenty-one days from the filing of plaintiffs' Supplemental Memorandum in which to file any supplemental Memoranda in Opposition.

The deadline for plaintiffs' Reply Briefs shall be fourteen days following the deadline for filing defendants' Memoranda in Opposition.  (If any of the defendants file their Memoranda in Opposition before the twenty-one day period has run, plaintiffs will still have fourteen days from the end of that twenty-one day period, so that the briefing schedule stays consistent.)

If the Court determines that it lacks subject matter jurisdiction, the case will be remanded to Connecticut Superior Court.

Phase Three

The need for compliance with the deadlines in Phase Three will arise only if the Court determines it has jurisdiction after considering the parties' briefing in Phase One and, if necessary, in Phase Two.

1) Motions to Dismiss

> The Bushmaster Defendants will file their Rule 12(b)(6) Motion by Feb. 20, 2015, as they have indicated by letter dated 2/17/15 that they prefer to do so.

The Camfour and Riverview Defendants' deadline to file Rule 12(b)(6) Motions shall be twenty-one days following the Court's ruling on Phase Two, if the Court determines that it has subject matter jurisdiction.

The deadline for plaintiffs to file their Memoranda in Opposition to all of the defendants' Rule 12(b)(6) Motions shall be twenty-one days after the Camfour and Riverview defendants' deadline for filing their Rule 12(b)(6) Motions.

More particularly, plaintiffs' deadline to respond to the Bushmaster Defendants' Motion to Dismiss shall be suspended until the Court rules concerning subject matter jurisdiction after consideration of the Phase One briefing and, if necessary, the Phase Two briefing.  In the event the Court determines that it has jurisdiction, plaintiffs' deadline to respond to the Bushmaster defendants' Motion to Dismiss shall be the same as plaintiffs' deadline to oppose the other defendants' Motions to Dismiss.

The defendants' Reply Briefs shall be filed fourteen days after the filing of plaintiffs' Memoranda in Opposition.

2) Rule 26 Automatic Disclosures and Report of the Parties' Planning Conference.

These deadlines and obligations shall be stayed pending the Court's Ruling, if any, on Phase Two.

## IV.   The Court Should Enter Plaintiffs' Scheduling Order.

### A.      The Parties' Positions.

The Bushmaster Defendants have set forth their position in their 2/17/15 Letter to the Court.  They wish to proceed with the Rule 12(b)(6) briefing before the Court makes a final determination as to whether it has subject matter jurisdiction.  Counsel for plaintiffs has conferred with counsel for the Bushmaster Defendants concerning the plaintiffs' proposal.  The Bushmaster Defendants do not agree to plaintiffs' proposal, except in two very limited respects. The Bushmaster Defendants agree that a March 11 deadline for their Memorandum in Opposition to the Motion to Remand is acceptable, as is a March 25 deadline for the plaintiffs' Reply Brief.  The Bushmaster Defendants also agree that the Rule 26 deadlines should be extended pending a determination by the Court that it has subject matter jurisdiction.

The Camfour Defendants' position concerning scheduling is set forth in their Motion for Extension to be filed today.

The Riverview Defendants do not have a position at this time.

**B.      The Court Should Address Subject Matter Jurisdiction First.**

"Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (striking down the doctrine of "hypothetical jurisdiction" by which difficult subject matter jurisdiction questions were bypassed to allow the district courts to resolve cases on easier merits arguments). It is elementary that the Court must address its jurisdiction before turning to substantive issues.

In addition, as set forth in plaintiffs' Motion to Remand and Memorandum in Support thereof, the kind of removal argument made by the Bushmaster defendants here is an attempt to cloak a federal defense that is implicated in plaintiffs' claims against every defendant in the case as a basis for fraudulent joinder. When such a removal argument is made, the Court runs the risk of ruling on the merits of a controversy over which it lacks jurisdiction. For this reason, the Court must take care to address the jurisdictional questions first before making any ruling that implicates the merits of the case.

Finally, staying deadlines pending a determination of subject matter jurisdiction is generally appropriate. *Cf. Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

For these reasons, plaintiffs request their Motion be granted.

THE PLAINTIFFS,

By         */s/* Alinor C. Sterling
              Alinor C. Sterling (ct17207)
              Joshua D. Koskoff (ct15619)
              KOSKOFF, KOSKOFF & BIEDER
              350 Fairfield Ave.
              Bridgeport, CT  06604
              Tel:  (203) 336-4421

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 18, 2015, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____*/s/* Alinor C. Sterling_____
Alinor C. Sterling (ct17207)