IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONNA L. SOTO, ADMINISTRATRIX OF ) <br> THE ESTATE OF VICTORIA L. SOTO, *et al.* ) <br> ) <br>       Plaintiffs, ) <br> VS. ) <br> ) <br> BUSHMASTER FIREARMS ) <br> INTERNATIONAL, LLC a/k/a FREEDOM ) <br> GROUP, INC. a/k/a REMINGTON OUTDOOR ) <br> GROUP, INC, *et al.* ) <br> ) <br>       Defendants. ) | Case No. 3:15-CV-00068-RNC <br><br> February 19, 2015 |

**DEFENDANTS REMINGTON ARMS COMPANY, LLC
AND REMINGTON OUTDOOR COMPANY, INC.'S
<u>RESPONSE TO PLAINTIFFS' MOTION FOR ENTRY OF SCHEDULING ORDER</u>**

Defendants, Remington Arms Company, LLC and Remington Outdoor Company, Inc. (collectively, the "Remington Defendants"), hereby respond to Plaintiffs' Motion for Entry of Scheduling Order (ECF 30), and oppose the schedule advanced by Plaintiffs for the following reasons:

The Remington Defendants properly removed this case to this Court, because there is no reasonable basis for a claim against the sole in-state defendant, Riverview Sales, and therefore that party has been improperly joined to this action. (ECF 1.) Under the Second Circuit's test for improper joinder, removal was and remains appropriate. Plaintiffs filed a motion to remand, contending that the Court is without subject matter jurisdiction. (ECF 27.) Plaintiffs now request a two-phased briefing schedule on its motion to remand, requiring multiple sets of briefs and rulings by the Court. (ECF 30 at p. 6.) Plaintiffs' request should be rejected.

Whether the Court has subject matter jurisdiction in this case should be addressed by the parties in one round of briefing as contemplated by Local Rules 7(a) and (d). There is no reason

1

why multiple "phases" of briefing and sequential Court rulings are needed.

Plaintiffs' desire to initially focus only on whether the "common defense" rule "governs this case" ignores that application of the rule requires inquiry into (a) the basis for the claims against Riverview Sales (the improperly joined, non-diverse defendant) and (b) a determination of whether Riverview Sales' defenses are equally dispositive of all claims against all defendants. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388-89 (5th Cir. 2005) ("It bears emphasizing that *Smallwood II* applies '*only* in that limited range of cases where the allegation of improper joinder rests *only* on a showing that there is no reasonable basis for predicting that state law would allow for recovery against the in-state defendant and *that* showing is *equally* dispositive of *all* defendants.'" (emphasis added in original)).  Plaintiffs do not explain why the parties cannot address in one round of briefing whether the "common defense" rule should be followed and whether application of the rule requires remand to the state court.  Plaintiffs' proposed briefing schedule is inefficient and unnecessary.

Plaintiffs' proposed schedule is also incompatible with application of the "common defense" rule.  Whether the rule "governs" the case will not be "determin[ative]" of remand to state court, as Plaintiffs argue. (*See* ECF 30 at p. 6.)  Analysis of Plaintiffs' claims against all parties and their defenses will be required in order to *apply* the rule.  The inquiries necessary for application of the rule in this case will require analysis of The Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C. § 7901 *et seq.*, and how it impacts the claims made against Riverview Sales and each of the other defendants.  Such an analysis will show that the claims made against Riverview Sales, as a "seller" of the firearm, are barred by certain provisions of the PLCAA.  It will also show that a finding that the defenses to the distinct claims made against Riverview Sales (which are barred) will not be dispositive of all claims against all defendants.

As the Remington Defendants pointed out in their Notice of Removal, an additional, analytically distinct claim has been made against them for allegedly failing to design the firearm with certain "safety mechanisms," a product liability claim under the Connecticut Product Liability Act. (*See* ECF 1 at p. 8 n. 8); *see also* Conn. Gen. Stat. § 52-572m; *Boone*, 416 F.3d at 391 (an "analytically distinct" claim against diverse defendant precludes application of the common defense rule). Simply put, the merits of the distinct claim against the Remington Defendants will not be decided in the context of Plaintiffs' motion to remand, but in the context of the Remington Defendants' Rule 12(b)(6) motion.

The interplay between the Remington Defendants' improper joinder argument under the Second Circuit's test and the viability of the claims against all the defendants is why the Court would benefit from concurrent briefing by the parties on defendants' Rule 12(b)(6) motions to dismiss. Full concurrent briefing on subject matter jurisdiction and the merits will help the Court understand Plaintiffs' claims in light of the distinct immunities afforded to firearm manufacturers and those afforded to firearm sellers under the PLCAA.

While the Remington Defendants are not suggesting the Court should rule on Rule 12(b)(6) motions before deciding whether it has subject matter jurisdiction, briefing on the impact of the PLCAA on all claims against all parties will assist the Court in addressing the subject matter jurisdiction question. Nor are the Remington Defendants suggesting this Court should adopt the "common defense" rule. Indeed, there are compelling reasons why it should not. As the Remington Defendants pointed out in their Letter of February 17, 2015, the common defense rule has been heavily criticized even within those circuits that have adopted it. *See, e.g.*, *Note, Fifth Circuit Establishes "Common Defense" Exception to Fraudulent Joinder Doctrine*, 118 HARV. L. REV. 1086 (2005).

WHEREFORE, the Remington Defendants respectfully request that Plaintiffs' Motion for Entry of a Briefing Schedule be denied.  The Remington Defendants request a briefing schedule on Plaintiffs' Motion to Remand as agreed to by the parties:  the Remington Defendants will respond to the motion by March 11, 2015, and Plaintiffs will reply by March 25, 2015.  The Remington Defendants further request an order setting a date for filing of Defendants' Rule 12(b)(6) motions with briefing concurrent with Plaintiffs' Motion to Remand.  (The co-defendants, the Camfour Defendants and the Riverview Defendants, have indicated in their respective Motions for Extension that they are agreeable to filing motions to dismiss in accordance with the filing of the Remington Defendants' motion to dismiss (*see* ECF 29, 31).)

Dated:  February 19, 2015.

Respectfully submitted,

/s/ *James B. Vogts*
One of the Attorneys for Defendants,
Remington Arms Company, LLC, and
Remington Outdoor Company, Inc.

Jonathan P. Whitcomb (CT15014) (jwhitcomb@dmoc.com)
Matthew C. Wagner (CT25926) (mwagner@dmoc.com)
Diserio Martin O'Connor & Castiglioni LLP
One Atlantic Street
Stamford, Connecticut 06901
(203) 358-0800

James B. Vogts (phv07263) (jvogts@smbtrials.com)
Andrew A. Lothson (phv07262) (alothson@smbtrials.com)
Swanson, Martin & Bell, LLP
330 North Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100

**Attorneys for Defendants,**
**Remington Arms Company, LLC, and**
**Remington Outdoor Company, Inc.**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 19th day of February, 2015, I caused to be served a copy of the foregoing document on all counsel of record listed below, via the Court's ECF system.

Joshua D. Koskoff
Alinor Sterling
Koskoff, Koskoff & Bieder, P.C.
Bridgeport, CT 06604
Tel: 203-336-4421
Fax: 203-368-3244
jkoskoff@koskoff.com
asterling@koskoff.com
**Attorney for Plaintiffs**

Christopher Renzulli
Scott Charles Allan
Renzulli Law Firm, LLP
81 Main Street, Suite 508
White Plains, NY 10601
Tel:  914-285-0700
Fax: 914-285-1213
crenzulli@renzullilaw.com
sallan@renzullilaw.com
**Attorneys for Defendants Camfour, Inc. and Camfour Holding, Inc.**

Michael Ryan Patrick
Patrick, LLC
6 Landmark Square, Fourth Floor
Stamford, CT 06901
Tel:  203-541-0355
Fax: 203-724-2393
Michael@pllclaw.com
**Attorney for Defendants Riverview Sales, Inc. and David LaGuercia**

                */s/  James B. Vogts*
                One of the Attorneys for Defendants, Remington Arms Company, LLC, and Remington Outdoor Company, Inc.