IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONNA L. SOTO, ADMINISTRATRIX OF THE ESTATE OF VICTORIA L. SOTO, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 3:15-cv-68 (RNC) |
| VS. | ) ) | |
| BUSHMASTER FIREARMS INTERNATIONAL, LLC a/k/a/ FREEDOM GROUP, INC. a/k/a/ REMINGTON OUTDOOR GROUP, INC., *et al.* | ) ) ) ) ) | February 20, 2015 |
| Defendants. | ) | |

**REPLY IN SUPPORT OF MOTION FOR SCHEDULING ORDER**

Plaintiffs Donna Soto, Ian and Nicole Hockley, David Wheeler, Mary D'Avino, Mark and Jacqueline Barden, William D. Sherlach, Neil Heslin and Scarlett Lewis, Leonard Pozner, Gilles Rousseau, and Natalie Hammond file this Reply Brief in support of their Motion to Set Scheduling Order (Docket No. 30) and in response to the opposition to that motion filed by the Bushmaster Defendants.

**I.  The Bushmaster Defendants Concede the Court Should Not Rule on Any 12(b)(6) Motions Until It Determines It Has Jurisdiction.**

The Bushmaster Defendants concede that the Court should not rule on any Rule 12(b)(6) Motions until it determines it has subject matter jurisdiction. Docket No. 32 (Bushmaster Opp.), at 3 ("[T]he Remington Defendants are not suggesting the Court should rule on 12(b)(6) motions before deciding whether it has subject matter jurisdiction."). In light of this concession, and in light of the fact that the Bushmaster Defendants' claim to jurisdiction stands on a narrow exception to the rule of complete diversity that they have not yet proven applies, it is both

1

astonishing and unreasonable that the Bushmaster Defendants continue to insist that plaintiffs preemptively file a Memorandum in Opposition to their Rule 12(b)(6) Motion. A fairer and more efficient approach is to first brief the jurisdictional issues and then, if the Court has jurisdiction, to turn to any Rule 12(b)(6) Motions.

The Bushmaster Defendants suggest that considering Rule 12(b)(6) briefing will "assist the Court in addressing the subject matter jurisdiction question." Docket No. 32 (Bushmaster Opp.), at 3. The opposite is true. Rule 12(b)(6) is a different standard than that for a merits-based remand analysis. Under Rule 12(b)(6), the Court must determine whether, "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff," the complaint states a claim on which relief can be granted. *Litwin v. Blackstone Group, L.P.*, 634 F.3d 706, 715 (2d Cir. 2011). In the merits-based aspect of the test for "fraudulent joinder", the Court must ascertain that the removing defendant has demonstrated clearly and convincingly "that there is *no possibility*, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1991) (emphasis supplied). In this analysis, "all factual *and legal issues* are resolved in favor of the plaintiff." *Id.* (emphasis supplied).

Considering briefing argued under the Rule 12(b)(6) standard would *not* assist the Court in deciding jurisdiction. More likely, it would lead to confusion of the standards and the issues. *Cf. Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992). ("[W]hile the [district] court did not characterize its analysis as being the same as it would make on a ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), that is exactly what it was. But the inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder."). It would also violate

the spirit of the Supreme Court's ruling in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998), in which the Court rejected the practice of deciding cases under Rule 12(b)(6) in order to avoid thorny jurisdictional questions.[1]

It would be unfair and inefficient to require plaintiffs to file Rule 12(b)(6) oppositions that the Court will not consider until after it rules on jurisdiction, and which in all likelihood it will never consider. The Court should suspend Rule 12(b)(6) briefing, as proposed by plaintiffs, until after subject matter jurisdiction is decided.

## II. The Bushmaster Defendants' Objections to a Two-Phase Jurisdictional Briefing Schedule Are Unreasonable.

The Bushmaster Defendants assert that the two-phase jurisdictional briefing schedule proposed by plaintiffs will be inefficient. Docket No. 32 (Bushmaster Opp.), at 1-3. They argue that plaintiffs misapply the common defense rule in a number of respects, and due to this claimed misapplication, briefing in one phase would be more efficient. It is no surprise to anyone that there is a dispute between the Bushmaster Defendants and plaintiffs as to whether *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146 (1914), and the common defense rule preclude removal in this case. The Court clearly cannot determine that question in the context of a scheduling motion. Plaintiffs simply propose the Court do this in Phase One of the jurisdictional briefing. If the Court determines that the Bushmaster Defendants have failed to demonstrate clearly and convincingly that the common defense rule does *not* apply, then no further briefing in this Court will be required – because the case does not belong in this Court. If the Court determines that

---

[1] The jurisdictional analysis is *not at all* thorny here. In the simplest analysis, the Bushmaster Defendants have removed on the basis of a federal defense, something they have no right to do. *See Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14 (1983) ("[A] case may not be removed to federal court on the basis of a federal defense[.]").

further briefing is required, it can simply order Phase Two briefing.  There is really no question, though, that the Court *must* address *Cockrell* and the common defense rule first.

In an attempt to evade the common defense rule, the Bushmaster Defendants now argue – in a rapid about-face – that the PLCAA defense available to Riverview Sales, Inc. is analytically distinct in significant ways from their own PLCAA defense.  *See* Docket No. 32 (Bushmaster Opp.), at 2-3.  Their Notice of Removal and January 21, 2015 letter to the Court, written before plaintiffs invoked the common defense rule, indicate otherwise.  In addition, *Boone v. Citigroup, Inc.*, 416 F.3d 382 (5th Cir. 2005), on which the Bushmaster Defendants rely for this argument, involved a claim of fraudulent joinder based on a statute of limitations defense, not one based on a federal defense.  The limitations showing made in support of the fraudulent joinder claim did not dispose of all claims against the diverse defendants.  Plaintiffs would be very much surprised if the Bushmaster Defendants will concede that PLCAA, the basis for their claim that Riverview is fraudulently joined, does not also dispose of all of plaintiffs' claims against them – but this is the concession that their argument under *Boone* would truly require.

### III.     The Other Defendants Do Not Oppose Plaintiffs' Scheduling Proposal.

The Camfour and Riverview Defendants have taken no position as to which scheduling proposal should be entered.  They have, however, affirmatively requested that their responses to the Complaint be due after jurisdiction is determined, in the event the Court prefers to proceed as plaintiffs propose.  *See* Docket Nos. 29, 31 (Motions for Extension of Time to Respond to Complaint).  It also appears that they will not be filing any Rule 12(b)(6) Motions today, which is inconsistent with the adoption of Bushmaster's proposal.

The rush to brief jurisdictional issues and the merits concurrently comes exclusively from the Bushmaster Defendants.

### IV. Considerations of Jurisdictional Restraint, Fairness, and Efficiency Require the Adoption of Plaintiffs' Proposed Scheduling Order.

The very purpose of *Cockrell*'s restriction of the fraudulent joinder exception is to ensure that federal courts do not engage in merits-based decisions, including those of federal defenses, that belong in state court. *See* Docket Nos. 27, 27-1 (Pl. Mot to Remand & Memo. in Support). *Cockrell* also recognizes and limits a potential abuse of the fraudulent joinder exception, a recognition echoed and elaborated on by *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 (5th Cir. 2004), *cert. denied*, 544 U.S. 992 (2005), *Hunter v. Phillip Morris USA*, 582 F.3d 1039 (9th Cir. 2009), and the other common defense rule cases. *See id*. Plaintiffs raise *Cockrell* and the common defense rule cases not only because they demonstrate the Court lacks jurisdiction, but also because they point out the danger of viewing this type of fraudulent joinder argument like any other. This case looks like *Smallwood* and *Hunter* because it *is* like *Smallwood* and *Hunter*: the removing defendant is attempting to use a federal defense as the basis for federal jurisdiction, and the law does not allow that.

Under the circumstances, plaintiffs should not be forced to file multiple briefs on issues that the Court has yet to reach when the Court's jurisdiction is not established (and will never be). Rather, the Bushmaster Defendants should be required in the first phase of briefing to establish that *Cockrell* and the common defense rule cases do not apply and that the Court truly requires additional briefing in order to decide the jurisdictional question. If the Bushmaster Defendants satisfy the Court that such briefing is required, then it makes sense to proceed with Phase Two briefing of the jurisdictional issues. Unless and until that occurs, it is unfair to plaintiffs to require such briefing, which at this stage is unnecessary. The pleadings on their face, the law, and the record created by the Bushmaster Defendants demonstrate that the Court lacks jurisdiction over this case.

For these reasons, plaintiffs respectfully request their Motion be granted.

THE PLAINTIFFS,

By      */s/* Alinor C. Sterling
Alinor C. Sterling (ct17207)
Joshua D. Koskoff (ct15619)
KOSKOFF, KOSKOFF & BIEDER
350 Fairfield Ave.
Bridgeport, CT  06604
Tel:  (203) 336-4421

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2015, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

     */s/* Alinor C. Sterling
Alinor C. Sterling (ct17207)