IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONNA L. SOTO, ADMINISTRATRIX OF THE ESTATE OF VICTORIA L. SOTO, *et al.* | ) ) ) |
| Plaintiffs, | ) ) |
| VS. | ) Case No. 3:15-CV-00068-RNC ) |
| BUSHMASTER FIREARMS INTERNATIONAL, LLC a/k/a FREEDOM GROUP, INC. a/k/a REMINGTON OUTDOOR GROUP, INC, *et al.* | ) ) ) ) ) March 6, 2015 |
| Defendants. | ) ) |

**DEFENDANTS REMINGTON ARMS COMPANY, LLC
AND REMINGTON OUTDOOR COMPANY, INC.'S
<u>MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND</u>**

Defendants, Remington Arms Company, LLC and Remington Outdoor Company, Inc. (collectively, the "Remington Defendants"), respectfully submit this Memorandum in opposition to Plaintiffs' Motion to Remand (ECF 27; and 27-1, "Pls.' Memo.").

<u>**INTRODUCTION**</u>

The Remington Defendants demonstrated in their Notice of Removal (ECF 1, "NOR") that this action was properly removed to this Court based on diversity jurisdiction under 28 U.S.C. § 1332, because, *inter alia*, the claims Plaintiffs have asserted against the in-state defendant, Riverview Sales, Inc. ("Riverview Sales"), are barred by the Protection of Lawful Commerce in Arms Act, 15 U.S.C. § 7901 *et seq*. ("PLCAA"). As a result, there is no reasonable basis for a cause of action against Riverview Sales, and it is considered improperly joined under the Second Circuit's test. *See Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). In their motion papers, Plaintiffs do not refute that there is no reasonable basis for a claim against

Riverview Sales.  For this reason alone, the Plaintiffs' motion to remand should be denied.[1]

Instead of challenging the basis for removal head-on, Plaintiffs have (1) urged the Court to adopt the "common defense rule," and (2) argued, albeit superficially, that it should apply here. Neither the Second Circuit nor the District of Connecticut has endorsed, let alone adopted, the "common defense rule."  As discussed further below, there are compelling reasons not to adopt the rule.  And even if the Second Circuit were to adopt the rule, it plainly does not apply here.   In short, Plaintiffs' argument for remand fails.

### I. Removal Based on the Improper Joinder of Riverview Sales was Proper.

In the Second Circuit, the improper or "fraudulent" joinder doctrine is satisfied and removal is appropriate when the defendant demonstrates that there is "no possibility" that the plaintiff "can state a cause of action against the non-diverse defendant in state court." *Pampillonia*, 138 F.3d at 461.  In other words, joinder is improper "when it is established that there can be no recovery against the defendant under the law of the state on the cause alleged." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001) (internal citation and original brackets omitted).

Indeed, this Court's analysis in *Fernandez v. Wal-Mart Stores E.*, No. 3:05-cv-1950, 2006 U.S. Dist. LEXIS 30213, *2 (D. Conn. May 10, 2006) (Chatigny, J.), followed the Second Circuit's *Pampillonia* "no possibility" test.  As used in *Pampillonia*, "the language 'no possibility' has been interpreted as meaning no 'reasonable possibility' or 'no reasonable basis.'" *Doe v. Fed. Express Corp.*, No. 3:05-cv-1968, 2006 U.S. Dist. LEXIS 31825, *4 (D. Conn. May 22, 2006)

---

[1] The basis for removal was conspicuously raised in the NOR.  Plaintiffs' failure to address it constitutes waiver.  Indeed, any argument Plaintiffs might raise on this issue in their reply brief would be inappropriate and should be rejected.  *Cf. Shuler v. Regency House of Wallingford, Inc.*, No. 3:05-cv-480, 2006 U.S. Dist. LEXIS 1557, *5 (D. Conn. Jan. 12, 2006) (Chatigny, J.) (argument raised for the first time in a "supplemental" or "reply" brief contravenes D. Conn. Civ. R. 7(d) and cannot be a basis to grant relief requested by movant).

(Eginton, J.) (citing *In re Rezulin Prods. Liability Litig.*, 133 F. Supp. 2d 272, 280 n.4 (S.D.N.Y. 2001). To date, the focus under the Second Circuit's test is whether there is a reasonable basis for a claim against the non-diverse defendant.

Here, there is no reasonable basis for a cause of action against Riverview Sales, because it is a "seller" of a "qualified product" and this is a "qualified civil liability action" to which no exceptions to PLCAA immunity apply under the facts pleaded in Plaintiffs' Complaint. (NOR at ¶¶ 18-30.) Indeed, Plaintiffs specifically allege that Riverview Sales is a "qualified product seller[] within the meaning of 15 U.S.C. § 7903(6)." (Compl. at ¶ 34.) It is therefore entitled to immunity for claims attempting to hold it responsible for the criminal acts of Adam Lanza. *Cf. City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384 (2d Cir. 2008), *cert denied*, 129 S. Ct. 3320 (2009); *Ileto v. Glock*, 565 F.3d 1126 (9th Cir. 2009), *cert denied*, 130 S.Ct. 3320 (2010); *Gilland v. Sportsmen's Outpost, Inc.*, No. X04CV095032765S, 2011 Conn. Super. LEXIS 1320 (Conn. Super. Ct. May 26, 2011) (granting retail sellers' motion to dismiss since PLCAA barred plaintiff's claims).

Plaintiffs do not contest that Congress created only six narrow exceptions to the definition of a "qualified civil liability action" and immunity under the PLCAA. *See* 15 U.S.C. §§ 7903(5)(A)(i)-(vi). Congress expressly provided that no provision of the PLCAA is to be "construed to create a public or private cause of action or remedy." 15 U.S.C. § 7903(5)(C). While Plaintiffs' Complaint alleges that Riverview Sales negligently entrusted the firearm to Nancy Lanza, created a common law public nuisance, and knowingly violated the Connecticut Unfair Trade Practices Act ("CUTPA") (*see* Compl. at Count Three, ¶¶ 174-194), none of these

claims fit within any of the six enumerated exceptions to PLCAA immunity.[2]

### A.   The Negligent Entrustment Exception Does Not Apply.

One of the exceptions to PLCAA immunity is an action against a seller for negligent entrustment. 15 U.S.C. § 7903(5)(A)(ii). Congress defined negligent entrustment as follows:

> As used in subpargraph (A)(ii), the term "negligent entrustment" means the supplying of a qualified product by a seller for use by another person when the seller knows, or reasonably should know, *the person to whom the product is supplied is likely to, and does, use the product* in a manner involving unreasonable risk of physical injury to the person or others.

15 U.S.C. § 7903(5)(B) (emphasis added). Thus, a negligent entrustment action against a firearm "seller" must involve a sale of a firearm by a seller to "the person" who thereafter "use[s]" the firearm to cause harm to himself or herself, or others. Here, Plaintiffs allege that Riverview Sales sold the firearm to Nancy Lanza. (Compl. at ¶ 153.) They allege that nearly three years later Adam Lanza "used" the firearm to cause physical injuries to others. (*See id.* at ¶¶ 155, 166, 169, 170.) Plaintiffs do not and cannot contest that, under the definition provided by Congress, the sale of the rifle to Nancy Lanza—and not to Adam Lanza—precludes a negligent entrustment action against Riverview Sales.

### B.   Plaintiffs' CUTPA and Public Nuisance Claims against Riverview Sales Fail.

A second exception to PLCAA immunity is a claim against a seller for "knowingly violat[ing] a State or Federal statute applicable to the sale or marketing" of firearms. 15 U.S.C. §

---

[2]   Plaintiffs state that they "assert claims of negligent entrustment, public nuisance, and violation of the Connecticut Unfair Trade Practices Act ('CUTPA'), Conn. Gen. Stat. §§ 42-110a *et seq.* against each of the defendants." (Pls.' Memo. at 4-5.) Plaintiffs ignore, however, that they have alleged an additional, analytically distinct claim against the Remington Defendants, which is a product liability action based on an alleged failure to design the firearm "with safety mechanisms that prevent the weapon from being fired by someone other than the purchaser." (Compl. at Count One, ¶ 183.) To be clear, the "design" defect allegations are not asserted against Riverview Sales. (*See* Compl. at Counts 3, 6, 9, 12, 15, 18, 21, 24, 27, 30, 33.)

7903(5)(A)(iii).  Plaintiffs have not alleged that Riverview Sales violated a statute applicable to the sale or marketing of firearms in selling the firearm to Nancy Lanza.  Moreover, there is no reasonable basis on which Plaintiffs could make such an allegation because the sale was not made in violation of any applicable firearms statute.  *See Report of the State's Attorney for the Judicial District of Danbury on the Shootings at Sandy Hook Elementary School*, at 36, *available at* http://www.ct.gov/csao/lib/csao/Sandy_Hook_Final_Report.pdf (last visited Mar. 5, 2014) ("All of the firearms . . . involved in these cases were legally purchased by the shooter's mother.").[3]

The exception for "knowingly violat[ing] a State or Federal statute applicable to the sale or marketing" of firearms does not encompass statutes of general application, but only those statutes that "expressly regulate firearms" or "that clearly can be said to implicate the purchase and sale of firearms." *City of New York*, 524 F.3d at 403 (holding that the New York criminal nuisance statute is not "applicable to the sale or marketing of firearms"); *Ileto*, 565 F.3d at 1135-36 (finding it "likely that Congress had in mind only ... statutes that regulate manufacturing, importing, selling, marketing, and using firearms or that regulate the firearms industry – rather than general tort theories that happened to have been codified by a given jurisdiction.").

Plaintiffs do not dispute that the only predicate statute referenced in their Complaint is CUTPA, a statute that does not expressly regulate or clearly implicate the regulation of firearms.  To the contrary, CUTPA is a statute of general application that creates an action to recover an "ascertainable amount of money or property" resulting from unfair or deceptive business practices.  Conn. Gen. Stat. § 42-110g. CUTPA is not the type of statute "Congress had in mind" when

---

[3] In analyzing improper joinder, "courts can look beyond the pleadings to determine if the pleadings can state a cause of action." *Pampillonia*, 138 F.3d at 461-62 (considering affidavit to decide whether defendant was improperly joined); *see Oliva v. Bristol-Myers Squibb Co.*, No. 3:05-cv-486, 2005 U.S. Dist. LEXIS 35881, *4-5 (D. Conn. Dec. 15, 2005); *In re Rezulin Prods. Liability Litig.*, 133 F. Supp. at 281-82.

carving out a narrow exception to the broad immunity afforded by the PLCAA. *See Ileto*, 565 F.3d at 1135-36. Plaintiffs' CUTPA claim fails against Riverview Sales.[4]

Plaintiffs' "public nuisance" claim against Riverview Sales also fails, since that claim does not fit within any of the six exceptions to firearm seller immunity. *See* 15 U.S.C. §§ 7903(5)(A)(i)-(vi*)*; *City of New York*, 524 F.3d at 403 (ordering dismissal of nuisance claim as barred by the PLCAA); *Ileto*, 565 F.3d at 1135-36 (same). Congress did not provide an exception to immunity under the PLCAA based on common law public nuisance.

In sum, there is no reasonable basis for a cause of action against Riverview Sales. Under the facts pleaded by Plaintiffs, Riverview Sales is immune from liability and is improperly joined as a defendant in this case under the Second Circuit's test articulated in *Pampillonia*.

## II. Plaintiffs' Motion to Remand Cannot be Salvaged by the "Common Defense Rule."

As Plaintiffs conceded in their brief, the common defense rule, as an exception to removal based on improper joinder, has not been adopted by the Second Circuit or in the District of Connecticut. Indeed, the rule has been heavily criticized even within those circuits that have adopted it. *See, e.g.*, *Note, Fifth Circuit Establishes "Common Defense" Exception to Fraudulent Joinder Doctrine.*, 118 HARV. L. REV. 1086 (2005) (analyzing the majority and dissenting opinions in *Smallwood v. Illinois Central Railroad Co. (Smallwood II)*, 385 F.3d 568 (5th Cir. 2004) (*en banc*), a case heavily relied on by Plaintiffs here). But whether or not this Court adopts the common defense rule, Plaintiffs' remand argument should be rejected.

---

[4] CUTPA is also not the type of statute that can serve as the basis for a negligence *per se* claim against Riverview Sales under Connecticut law, and thus cannot be the basis for a negligence *per se* claim within the § 7903(5)(A)(ii) exception to immunity. *See generally Gore v. Peoples Savings Bank*, 235 Conn. 360 (1995).

### A.     The Common Defense Rule Does *Not* Apply.

The common defense rule, recognized by a few courts outside the Second Circuit, is a "narrow" exception to improper joinder-based removal. *Smallwood II*, 385 F.3d at 575-76. It applies only "when a nonresident defendant's showing that there is no reasonable basis for predicting that state law would allow recovery against an in-state defendant *equally disposes of all defendants*[.]" *Id.* at 571. (*Accord* Pls.' Memo. at 9.)

Plaintiffs' argument ignores that application of the rule requires inquiry into (a) the basis for the claims against Riverview Sales, and (b) a determination that Riverview Sales' defenses are *equally* dispositive of *all* claims against *all* defendants. *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 388-89 (5th Cir. 2005) ("It bears emphasizing that *Smallwood II* applies '*only* in that limited range of cases where the allegation of improper joinder rests *only* on a showing that there is no reasonable basis for predicting that state law would allow for recovery against the in-state defendant and *that* showing is *equally* dispositive of *all* defendants.'") (emphasis added in original). Thus, the crux of the common defense rule is:

> "[O]nly" where the showing that there is no reasonable basis for predicting state law would allow the plaintiff to recover against the resident defendant is such that the same showing "equally" and "necessarily" "compels" the conclusion that recovery is precluded against "all" non-resident defendants, then there is no improper joinder, but simply a *wholly meritless suit*.

*Boone*, 416 F.3d at 390 (emphasis added).

In arguing for remand, Plaintiffs are forced to advocate the position that they have a "wholly meritless suit." Indeed, a Seventh Circuit case cited in Plaintiffs' brief holds that if a plaintiff prevails on a motion to remand based on application of the common defense rule, dismissal in state court is required under the doctrine of judicial estoppel:

> And had the plaintiff prevailed in this court on the basis of the

7

> common-defense doctrine, and thus succeeded in getting the case remanded to state court, her claims against the [out-of-state] defendants in the remanded proceeding would still be barred, for she would have run head-on into the bar of judicial estoppel. She would have prevailed in this court in getting her case remanded to state court by persuading us that those defendants were identically situated to Niemann [the in-state defendant]—which if true would be a complete defense because her claim against Niemann is frivolous—only to turn around and argue in the state court that her claim against the diverse defendants was not subject to the learned-intermediary doctrine [*i.e.*, the defense] after all and so her claim against them should survive Niemann's dismissal.

*Walton v. Bayer Corp.*, 643 F.3d 994, 1002 (7th Cir. 2011) (Posner, J.) (*see* Pls.' Memo. at 13).

Because of the compelling logic of the Seventh Circuit's decision in *Walton*, Plaintiffs here have stopped short of scrutinizing how the PLCAA impacts each claim against each defendant—a threshold analysis that this Court must undertake before applying the common defense rule in this case.  Simply put, it is not enough for Plaintiffs to argue that all defendants will broadly assert the PLCAA as a "defense" and that, therefore, remand is appropriate under the common defense rule. And no case cited by Plaintiffs stands for the proposition that a broad characterization of a so-called "common defense" is sufficient to find that the defense "equally" and "necessarily" "compels" dismissal of *all* claims against *all* defendants, diverse and non-diverse alike.  *Boone*, 416 F.3d at 390.  To the contrary, cases cited by Plaintiffs support a probing review of each claim against each defendant and the corresponding defenses to each claim.  *See, e.g.*, *Walton*, 643 F.3d at 1001 (recognizing common defense rule; analyzing the "defense" as to the in-state defendant; finding the rule inapplicable because the "defense" raised would not equally apply to all defendants as plaintiff had asserted additional allegations against the out-of-state defendants; affirming the district court's dismissal of plaintiff's claims against the in-state defendant and denial of the motion to remand) (*see* Pls.' Memo. at 13).

Because Plaintiffs' analysis stops short, the Remington Defendants will provide the

necessary analysis—which plainly shows that the common defense rule does not apply. A judicial determination that there is no reasonable basis for Plaintiffs' claims against Riverview Sales because of the protection afforded by the PLCAA, will not, by itself, require dismissal of *all* claims Plaintiffs have asserted against *all* parties. Plaintiffs cannot deny that they pleaded a separate, "analytically distinct" product liability claim against the Remington Defendants (*see* NOR at p. 8 n. 8), which will not be addressed in the context of the motion to remand but only under the Remington Defendants' Rule 12(b)(6) motion. Specifically, Plaintiffs allege the Remington Defendants failed to "design" the firearm with certain "safety mechanisms," a product liability claim. (*See* Compl. at Count One, ¶¶ 183-84); *Boone*, 416 F.3d at 391 (an "analytically distinct" claim against diverse defendant precludes application of the common defense rule).

Furthermore, a finding that the PLCAA bars claims against Riverview Sales will not "equally" dispose of all claims against the Remington Defendants. The PLCAA does not afford equal immunity to all who manufacture and sell firearms. For example, it treats claims made against "manufacturers" and "sellers" differently. *See, e.g.*, 15 U.S.C. §§ 7903(2) (defining manufacturer), (6) (defining seller), (5)(A)(ii) (providing an exception to immunity for actions brought against a seller, *but not* against a manufacturer, for negligent entrustment or negligence per se), and (5)(B) (defining "negligent entrustment" to involve the "supplying of a qualified product by a seller," *but not* by a manufacturer).

Indeed, Plaintiffs' Complaint identifies Riverview Sales as a "qualified product seller within the meaning of 15 U.S.C. § 7903(6)." (Compl. at ¶ 34.) No similar allegation is made with respect to the Remington Defendants. (*See* Compl. at ¶ 25-26.) Nor could there be, because the Remington Defendants are "manufacturer[s]," and Plaintiffs' allegations make clear that the Remington Defendants have been sued in their capacity as the manufacturers of the firearm.

Plaintiffs simply choose to ignore the distinctions among defenses available to different defendants under the PLCAA.

Several cases support the Remington Defendants' position. The Fifth Circuit's decision in *Boone v. Citigroup, Inc*. reiterated that the common defense rule is "narrow," and applies only when the same showing necessarily compels the conclusion that recovery against all defendants is precluded. 416 F.3d at 390. The *Boone* court declined to apply the rule for two reasons. First, not all claims against the diverse defendants were "premised on vicarious liability for the tortious acts of the three non-diverse [defendants]." *Id*. at 391. Thus, not all of the claims against the diverse defendants would "necessarily" be disposed of with the claims against the non-diverse defendants. Second, while the defenses set forth by both the diverse and non-diverse defendants were very similar, they were still "analytically" distinct. *Id*. The court rejected the plaintiffs' broad argument that, because all of the defendants depended on a statute of limitations defense, the case should be remanded. *Id*. The court distinguished between the non-diverse and the diverse defendants' statute of limitations arguments because some of the diverse defendants' alleged acts triggered tolling provisions that were inapplicable to the non-diverse defendants. *Id*. Moreover, "some of [the plaintiffs'] claims against the non-resident defendants [were] analytically distinct from *and in addition to* their . . . claims against . . . the resident defendants." *Id*. at 391-92 (emphasis added). Because "the failure of [the plaintiffs'] claims against the resident defendants does not in and of itself cause those of the claims against the non-resident defendants . . . to fail as well," the common defense rule did not apply. *Id*. at 392.

Here, there is no "vicarious liability" circumstance where the liability of the Remington Defendants hinges on a finding of liability against Riverview Sales *on any of the claims asserted by Plaintiffs*. Nor can Plaintiffs contest that they alleged an additional and analytically distinct

"design" defect product liability claim against the Remington Defendants that is not alleged against Riverview Sales. Under either framework articulated by the *Boone* court, the common defense rule cannot apply here.

In *Rainwater v. Lamar Life Ins. Co.*, the Fifth Circuit analyzed whether the common defense rule applies where the defenses of the in-state defendant will not bar all claims against the out-of-state defendants: "[T]his case turns, therefore, on whether the limitations defense that disposes of all claims against in-state defendants in fact disposes of all claims against all defendants, as the principle of *Smallwood* is triggered only when all defendants are reached." 391 F.3d 636, 638 (5th Cir. 2004). The defendants argued that the plaintiffs alleged state law claims that were unique to the out-of-state defendants, *e.g.*, improperly setting interest rates and improperly charging particular fees, and thus, the statute of limitations defense applicable to the in-state defendants did not reach all claims. *Id*. at 638. While the court could not determine the common defense rule's applicability because the "plaintiffs nebulously drafted their complaint," the court did state the following:

> [T]he inclusion of such claims against [the out-of-state defendants] would mean that the statute of limitations that disposes of all claims against the in-state defendants would not constitute a 'common defense.' That in turn would preclude remand under the rule of *Smallwood*.

*Id*. at 638.

Here, separate analyses dictate whether the PLCAA bars all claims against the Remington Defendants and Riverview Sales, which places this case outside the scope of *Smallwood II* and the common defense rule. This alone dictates that the common defense rule does not apply. *Cf. Wingate v. Air Products Inc.*, 166 F. App'x 98, 101 (5th Cir. 2006) (holding that the common defense rule did not apply where the defense did not apply equally to both the diverse and

non-diverse defendants; and rejecting plaintiff's argument that his allegations pleaded against the non-diverse defendant applied "equally" to the diverse defendant and "vice versa").

Finally, Plaintiffs' heavy reliance on the district court opinions in *Intershoe, Inc. v. Filanto S.P.A.*, 97 F. Supp. 2d 471 (S.D.N.Y. 2000) (Pls.' Memo. at 4) and *In re New England Mut. Life Ins. Co. Sales Practices Litig.*, 324 F. Supp. 2d 288 (D. Mass. 2004) (Pls.' Memo. at 14-15), is misplaced. In *Intershoe*, the basis for removal was an alleged "fraudulent" misjoinder of a plaintiff (*i.e.*, plaintiffs allegedly added its own Italian "[c]hairman of the board" as a named plaintiff whose presence in the lawsuit destroyed diversity jurisdiction because there were "aliens on both sides of the case" as the defendants were also Italian). 97 F. Supp. 2d 474. Plaintiffs here mistakenly contend that it was the defendants' "chairman" that was alleged to have been fraudulently joined in *Intershoe*. (Pls.' Memo. at 14.) Plaintiffs' misreading aside, *Intershoe* did not even involve an alleged "common defense" as the basis for remand, and thus has no relevance to the present case.

In *In re New England*, the court remanded three individual plaintiffs' claims that had been part of MDL proceedings. The common defense rule applied because the liability of the removing out-of-state defendants hinged on the liability of the in-state defendants based on the doctrine of *respondeat superior*. 324 F.Supp.2d at 305-06. In contrast, the liability of the Remington Defendants in no way hinges on the liability of Riverview Sales, since there is no such *respondeat superior* circumstance, and none has been alleged. As a result, *In re New England* has no application to this case.[5]

---

[5] Plaintiffs appear to rely on *Hunter v. Philip Morris USA*, 582 F.3d 1039 (9th Cir. 2009), for the proposition that under *Smallwood II*, remand is required when "implied" preemption of the claims against the in-state defendant "effectively decided the entire case." (*See* Pls.' Memo. at 13.) This amounts to a restatement of the general "common defense rule" analysis that a defense which equally and necessarily compels dismissal of all claims against all parties

### B. There Are Compelling Reasons Not to Adopt the Rule in the First Place.

In the few circuits that have adopted the rule,[6] the century-old Supreme Court case, *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146 (1914), has been identified as the origin of a "common defense" analysis. Indeed, the Plaintiffs have declared that the "rule" of *Cockrell* should control this case. (ECF 30 at p. 6.) As critics of the common defense rule have aptly pointed out, however, circuits that have adopted the rule have stretched the *Cockrell* holding well beyond its confines. *See, e.g.*, Note, *Fifth Circuit Establishes "Common Defense" Exception to Fraudulent Joinder Doctrine*, 118 HARV. L. REV. 1086, 1092 (2005) (concluding that the majority opinion in *Smallwood II* only "nominal[ly]" adheres to the logic of *Cockrell*).

The "rule" of *Cockrell* is much narrower than Plaintiffs would lead the Court to believe. *Cockrell* stands for the proposition that when the liability of the removing out-of-state defendant is predicated on the liability of the in-state defendant, such as in a "joint liability" or *respondeat superior* circumstance (*e.g.*, employer/employee as in *Cockrell*), then the federal court should

---

requires remand. *Id.* at 1045. Indeed, the *Hunter* court went on and conducted a complete analysis of whether the plaintiffs' claims against the in-state defendant were "implied[ly] preempt[ed,]" and found that, because that doctrine did "not apply" to all such claims, the in-state defendant had not been fraudulently joined. *Id.* at 1048. In any event, if a plaintiff was successful in arguing that remand were proper because a preemption defense applied equally to all claims against all defendants, it would be "judicially estopped" from arguing the preemption defense *did not* apply in state court, where immediate dismissal of all claims against all parties would be required. *See Walton*, 643 F.3d at 1002.

[6] Several courts have expressly declined to adopt the common defense rule. For example, the Eleventh Circuit has "had the occasion to adopt the rule but declined to do so." *See Byrnes v. Small*, 2014 U.S. Dist. LEXIS 161770, *10 (M.D. Fla. Nov. 18, 2014) ("To begin with, the 'common defenses' rule is not binding law in the Eleventh Circuit, which has expressly avoided relying on it, indicating a reluctance to adopt it.") (citing *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1282 n.4 (11th Cir. 2006) (noting that the "common defenses" rule "draws on a century-old Supreme Court case . . . that was resurrected by the Third and Fifth Circuits in the past decades")); *In re Genetically Modified Rice Litig.*, 618 F. Supp. 2d 1047, 1051 n.4 (E.D. Mo. 2009) ("Plaintiffs also argue that I should apply the 'common defense rule' and grant remand in this case. Courts in this circuit have never applied that rule, and I decline to do so here.").

13

remand to state court because dismissal of *all* claims against the in-state defendant would necessarily compel dismissal of *all* claims against the out-of-state defendant. *See* 232 U.S. at 153 ("liability" of the removing employer was "predicated upon the alleged negligence of [its] employees]").

The "rule" of *Cockrell* has no application to this case because there is no such *respondeat superior* allegation that the Remington Defendants' liability is premised on a finding that Riverview Sales is liable. Thus, even if the Court were to adopt the "rule" of *Cockrell*—as Plaintiffs' have urged (ECF 30 at. p. 6), remand is still inappropriate because a finding of no liability against Riverview Sales will not compel the same finding as to the Remington Defendants.[7]

Absent from Plaintiffs' motion for remand is discussion of how this Court has analyzed removal based on improper or "fraudulent" joinder under the Second Circuit's test set forth in *Pampillonia*. The reason for this omission is obvious: the analysis employed by this Court in *Fernandez v. Wal-Mart Stores East, Inc.*, 2006 U.S. Dist. LEXIS 30213 (D. Conn. May 10, 2006) (Chatigny, J.), is inconsistent with adoption of the common defense rule. In *Fernandez*, Wal-Mart removed a slip-and-fall personal injury case to this Court. *Id*. The plaintiff had also sued the Wal-Mart store manager. *Id*. Wal-Mart argued there was no reasonable basis for a claim against the store manager because he "cannot be held personally liable under a negligence theory." *Id*. at *2. Focusing on the claim against the store manager, the Court noted that "at least one other Connecticut plaintiff has succeeded in suing a Wal-Mart store manager for negligence," which

---

[7] It is also worth noting that the *Cockrell* holding was premised on the idea that the only way a defendant could show fraudulent joinder was by establishing that the in-state defendant had been added to the lawsuit "in bad faith." 232 U.S. at 152. *Cockrell* was decided long before the Second Circuit recognized the "no reasonable basis" test for improper or fraudulent joinder. *Pampillonia*, 138 F.3d at 461.

meant there was a reasonable possibility of liability against the store manager and remand was required. *Id*. at *2.[8]

Under the Court's approach, the focus of an improper or "fraudulent" joinder analysis is the claims against the non-diverse defendant, and nothing more. Contrary to the Court's approach in *Fernandez*, adoption of the common defense rule necessarily requires analysis of the specific claims against and defenses of the diverse defendants. Indeed, this is a primary criticism of the rule:

> [O]ur established test is an efficient test because it focuses only on the joinder of the nondiverse defendant and does not require us to examine the case against the diverse defendant. The [*Smallwood II*] majority's 'common-defense' rule, on the other hand, requires the district court to go one step further and examine the entirety of the case.

*Smallwood II*, 385 F.3d at 578 (Jolly, J., dissenting).

The Second Circuit's *Pampillonia* test and the common defense rule are incompatible. Indeed, the Second Circuit has employed an "objective" test, focused solely on the non-diverse defendant, to determine whether there was an improper joinder under the "no reasonable basis" analysis. That "objective" test is consistent with the dissenting opinions in *Smallwood II*: "The subjective intent of the plaintiff is irrelevant; instead, our precedent, unequivocally and without exception, has evaluated claims of fraudulent joinder with a simple, well-understood, objective two-prong test -- that is, until today." *Smallwood II*, 385 F.3d at 578 (Jolly, J., dissenting).

One thing is readily apparent from Plaintiffs' superficial analysis of (a) the common defense rule, (b) their claims alleged against each defendant, and (c) the intricacies of the defenses

---

[8] Applying the "rule" of *Cockrell* to the Court's *Fernandez* case adds further perspective. Even if this Court had reached the opposite conclusion—that is, finding there was no basis for a claim against the store manager—such a showing would not have equally compelled dismissal of Wal-Mart. Because the liability of Wal-Mart was not alleged to have been "predicated" on the liability of its store manager, *Cockrell* would not have required remand.

of each defendant: Plaintiffs have little desire to engage in a critical analysis of these central issues. But supplying the Court with only a partial analysis does everyone involved a disservice, and clearly does not supply valid grounds to grant remand. To remand based on application of the common defense rule requires a finding that there is no possibility of a claim against Riverview Sales and that this finding "necessarily" and "equally" "compels" dismissal of *all* claims against *all* parties, including the Remington Defendants. Because that finding is inapplicable here, remand should be denied.

### III. Plaintiffs' Additional Arguments for Remand are Premature and Not Well-Founded.

Plaintiffs' interpretation of the "well-pleaded complaint rule" requires the Court to first adopt and then apply the common defense rule articulated by the Fifth Circuit in *Smallwood II*. (Pls.' Memo. at 18.) In this respect, the well-pleaded complaint rule is just another way of arguing the common defense rule. The Second Circuit has not adopted Plaintiffs' approach to the well-pleaded complaint rule. Nor do Plaintiffs argue that the Remington Defendants removed this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. Indeed, the Remington Defendants removed based on 28 U.S.C. § 1332 (NOR at ¶ 5), and therefore the well-pleaded complaint rule does not apply.

Plaintiffs' argument that the Remington Defendants' removal petition runs afoul of the "forum defendant rule" is similarly unavailing. (Pls.' Memo. at 19.) The operation of the forum defendant rule is contingent upon the existence of a "properly joined" defendant who is a "citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b)(2). Plaintiffs' assertion that Riverview Sales fits this bill merely begs the central question presented in this motion, which is whether Riverview Sales has indeed been improperly joined, *i.e.*, whether there is a reasonable basis for a claim against Riverview Sales under the Second Circuit's test articulated in

*Pampillonia*. 138 F.3d at 461; *see also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 931 (S.D. Ill. 2006) ("The forum defendant rule applies only to defendants who have been 'properly joined and served' within the meaning of 28 U.S.C. § 1441(b). Correspondingly, where a resident defendant has been fraudulently joined, the forum defendant rule is irrelevant.") (internal citations omitted). Plaintiffs do not contest the reasons articulated in the Notice of Removal for why there is no reasonable basis for a claim against Riverview Sales. Plaintiffs' argument for remand based on the forum defendant rule should be rejected.

### IV.     Plaintiffs' Request for Costs and Attorneys' Fees Should Be Denied.

It is well settled that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Plaintiffs have not shown that the Remington Defendants "lacked an objectively reasonable basis" for removing this case based upon diversity jurisdiction. To the contrary, as shown in the Notice of Removal and above, Riverview Sales is improperly joined under the Second Circuit's test and the "common defense rule," even if adopted, does not require remand to the state court.

### CONCLUSION

For the foregoing reasons, the Motion for Remand should be denied.

>
> Respectfully submitted,
>
> /s/ *James B. Vogts*
> One of the Attorneys for Defendants,
> Remington Arms Company, LLC, and
> Remington Outdoor Company, Inc.

Jonathan P. Whitcomb (CT15014) (jwhitcomb@dmoc.com)
Matthew C. Wagner (CT25926) (mwagner@dmoc.com)
Diserio Martin O'Connor & Castiglioni LLP
One Atlantic Street
Stamford, Connecticut 06901

(203) 358-0800

James B. Vogts (phv07263) (jvogts@smbtrials.com)
Andrew A. Lothson (phv07262) (alothson@smbtrials.com)
Swanson, Martin & Bell, LLP
330 North Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100

**Attorneys for Defendants,**
**Remington Arms Company, LLC, and**
**Remington Outdoor Company, Inc.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 6th day of March, 2015, I caused to be served a copy of the foregoing document on all counsel of record listed below, via the Court's ECF system.

    Joshua D. Koskoff
    Alinor Sterling
    Koskoff, Koskoff & Bieder, P.C.
    Bridgeport, CT 06604
    Tel: 203-336-4421
    Fax: 203-368-3244
    jkoskoff@koskoff.com
    asterling@koskoff.com
    **Attorney for Plaintiffs**

    Christopher Renzulli
    Scott Charles Allan
    Renzulli Law Firm, LLP
    81 Main Street, Suite 508
    White Plains, NY 10601
    Tel:  914-285-0700
    Fax: 914-285-1213
    crenzulli@renzullilaw.com
    sallan@renzullilaw.com
    **Attorneys for Defendants Camfour, Inc. and Camfour Holding, Inc.**

    Michael Ryan Patrick
    Patrick, LLC
    6 Landmark Square, Fourth Floor
    Stamford, CT 06901
    Tel:  203-541-0355
    Fax: 203-724-2393
    Michael@pllclaw.com
    **Attorney for Defendants Riverview Sales, Inc. and David LaGuercia**

                                    */s/  James B. Vogts*
                                    One of the Attorneys for Defendants, Remington Arms Company, LLC, and Remington Outdoor Company, Inc.