IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONNA L. SOTO, ADMINISTRATRIX OF THE ESTATE OF VICTORIA L. SOTO, *et al.* ) ) ) | |
| Plaintiffs, ) | |
| VS. ) | Case No. 3:15-CV-00068-RNC |
| ) | |
| BUSHMASTER FIREARMS INTERNATIONAL, LLC a/k/a FREEDOM GROUP, INC. a/k/a REMINGTON OUTDOOR GROUP, INC, *et al.* ) ) ) ) | April 4, 2015 |
| ) | |
| Defendants. ) | |

**DEFENDANTS REMINGTON ARMS COMPANY, LLC
AND REMINGTON OUTDOOR COMPANY, INC.'S MOTION FOR LEAVE
TO FILE SUR-REPLY TO PLAINTIFFS' REPLY ON THE MOTION FOR REMAND**

Defendants, Remington Arms Company, LLC and Remington Outdoor Company, Inc. (collectively, the "Remington Defendants"), respectfully seek leave of Court to file the attached Sur-reply to respond to arguments and issues raised by Plaintiffs for the first time their Reply brief [ECF 39].

**INTRODUCTION**

The Remington Defendants request leave to file a sur-reply to address new arguments and issues Plaintiffs should have raised in their opening brief rather than waiting until their Reply. They are:

- Whether, under the Second Circuit's *Pampillonia* test, there is no reasonable basis for Plaintiffs' negligent entrustment and CUTPA claims against Riverview Sales, Inc. ("Riverview Sales").[1]

---

[1] Plaintiffs also contend they could not fully present their *Pampillonia* arguments on their claims against Riverview Sales in their Reply "[d]ue to space considerations". (Reply at 11 n. 7.) Their contention should be rejected: after obtaining an unopposed 1-week extension to file their Reply [ECF 36], Plaintiffs were granted an unopposed 5-page extension [ECF 38], which they did not even fully use.

- Which party bears the burden to show the Second Circuit would adopt the common defense rule and demonstrate that it applies to the circumstances of this case.

- Whether the Plaintiffs can maintain claims against the Remington Defendants as both "manufacturers" and "sellers" under the PLCAA and how this impacts application of the common defense rule.

- Whether the Plaintiffs pleaded a product liability claim against the Remington Defendants and how this impacts application of the common defense rule.

## ARGUMENT

Plaintiffs have invited a sur-reply by insisting that threshold jurisdictional analyses be briefed without adherence to Local Rules 7(a) and 7(d). These analyses are whether there is "no reasonable basis" for a claim against Riverview Sales under the Second Circuit's test for improper joinder; whether the Second Circuit would adopt the common defense rule; and whether, if adopted, the common defense rule applies to the circumstances of this case, requiring remand to state court. There was no legitimate reason why Plaintiffs could not have addressed the entirety of their arguments for remand in their opening brief, especially in light of the detailed Notice of Removal filed in support of the Remington Defendants' right to remove the case to federal court based on Second Circuit precedent.

Plaintiffs have also stated they intend to file a "Supplemental Motion to Remand" providing, presumably, more argument on the same topics. (Reply at 11 n. 7.) Plaintiffs' piece-meal argument should not be countenanced. Nonetheless, the Remington Defendants will respond to that motion accordingly. And while the Court has not yet granted the Remington Defendants permission to file motions to dismiss, as is necessary to file such motions under the standing order of the Court, the Plaintiffs have turned around and argued that the Remington Defendants' "withholding" of a motion to dismiss is a concession that the common defense rule

controls this case. (*Id*. at 2-3.) This argument is spurious. Regardless, the Remington Defendants should be given a fair opportunity to address all issues raised by Plaintiffs so that the Court can make a fully informed decision regarding whether to keep the case. Accordingly, the Remington Defendants' proposed sur-reply is attached hereto.

Plaintiffs' counsel has been contacted about whether they object to the Court granting leave to file a sur-reply, and they have responded and requested that the following position be represented to the Court: "We do not object to a surreply of up to five pages. We do object to pages in excess of five."

## **CONCLUSION**

For the foregoing reasons, the Remington Defendants request the Court grant leave to file the attached [proposed] sur-reply, and for any other relief the Court deems appropriate.

                                          Respectfully submitted,

                                          /s/ *James B. Vogts*
                                          One of the Attorneys for Defendants, Remington Arms Company, LLC, and Remington Outdoor Company, Inc.

Jonathan P. Whitcomb (CT15014) (jwhitcomb@dmoc.com)
Matthew C. Wagner (CT25926) (mwagner@dmoc.com)
Diserio Martin O'Connor & Castiglioni LLP
One Atlantic Street
Stamford, Connecticut 06901
(203) 358-0800

James B. Vogts (phv07263) (jvogts@smbtrials.com)
Andrew A. Lothson (phv07262) (alothson@smbtrials.com)
Swanson, Martin & Bell, LLP
330 North Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100

**Attorneys for Defendants,**
**Remington Arms Company, LLC, and**
**Remington Outdoor Company, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April, 2015, I caused to be served a copy of the foregoing document on all counsel of record listed below, via the Court's ECF system.

Joshua D. Koskoff
Alinor Sterling
Koskoff, Koskoff & Bieder, P.C.
Bridgeport, CT 06604
Tel: 203-336-4421
Fax: 203-368-3244
jkoskoff@koskoff.com
asterling@koskoff.com
**Attorneys for Plaintiffs**

Christopher Renzulli
Scott Charles Allan
Renzulli Law Firm, LLP
81 Main Street, Suite 508
White Plains, NY 10601
Tel: 914-285-0700
Fax: 914-285-1213
crenzulli@renzullilaw.com
sallan@renzullilaw.com
**Attorneys for Defendants Camfour, Inc. and Camfour Holding, Inc.**

Michael Ryan Patrick
Patrick, LLC
6 Landmark Square, Fourth Floor
Stamford, CT 06901
Tel: 203-541-0355
Fax: 203-724-2393
Michael@pllclaw.com
**Attorney for Defendants Riverview Sales, Inc. and David LaGuercia**

> */s/ James B. Vogts*
> One of the Attorneys for Defendants,
> Remington Arms Company, LLC, and
> Remington Outdoor Company, Inc.