IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONNA L. SOTO, ADMINISTRATRIX OF THE ESTATE OF VICTORIA L. SOTO, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 3:15-cv-68 (RNC) |
| VS. | ) ) | |
| BUSHMASTER FIREARMS INTERNATIONAL, LLC a/k/a/ FREEDOM GROUP, INC. a/k/a/ REMINGTON OUTDOOR GROUP, INC., *et al.* | ) ) ) ) ) | May 1, 2015 |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE
BRIEF IN EXCESS OF FORTY PAGES**

Plaintiffs hereby seek leave of the Court to file a Memorandum of Law in support of their forthcoming Supplemental Motion to Remand in excess of the forty pages allowed by Local Rule 7. In support of this Motion, plaintiffs represent as follows:

1. Plaintiffs will next week be filing a Supplemental Motion to Remand with an accompanying Memorandum of Law.

2. Plaintiffs' initial Motion to Remand asserts that under *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146 (1914), the Bushmaster Defendants' claim of fraudulent joinder fails because even if their removal allegations are accepted as true they fail to establish any flaw in the joinder of Riverview Sales. That initial Motion to Remand focuses on the removing defendants' assumedly true "showing" in support of removal; the Supplemental Motion to Remand will refute the substance of the Bushmaster Defendants' removal arguments,

1

applying the test for fraudulent joinder set forth in *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1991).[1]

3. Pursuant to Local Rule 7(a)(2), plaintiffs' Memorandum of Law in support of the Supplemental Motion to Remand may not exceed forty (40) pages. The issues the Memorandum of Law will address are complex and must be briefed clearly, as the Court's subject matter jurisdiction is in issue. While plaintiffs are making every effort to provide the Court with focused and concise argument, plaintiffs anticipate needing an additional ten (10) pages. (Even with that expanded page limit, there are issues that, by necessity, will receive more cursory treatment.) Plaintiffs therefore seek the Court's leave to exceed the forty page limit by up to ten additional pages.

For the above reasons, plaintiffs respectfully request that the Court grant this Motion and permit plaintiffs to file a Memorandum of Law in Support of the Supplemental Motion to Remand of up to fifty (50) pages in length.

DATED:   May 1, 2015                          Respectfully submitted,


By     /s/ Alinor C. Sterling (ct17207)
      Alinor C. Sterling (ct17207)
      Joshua D. Koskoff (ct15619)
      KOSKOFF, KOSKOFF & BIEDER
      350 Fairfield Ave.
      Bridgeport, CT  06604
      asterling@koskoff.com
      jkoskoff@koskoff.com
      Telephone:   (203) 336-4421
      Fax:              (203) 368-3244

      ATTORNEYS FOR PLAINTIFFS

---

[1] *Cockrell* requires remand. Plaintiffs therefore expect that the Court will never reach the issues briefed in the Supplemental Motion to Remand.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2015, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing under the court's CM/ECF System.

     /s/ Alinor C. Sterling (ct17207)
Alinor C. Sterling (ct17207)
Joshua D. Koskoff (ct15619)