IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONNA L. SOTO, ADMINISTRATRIX OF THE ESTATE OF VICTORIA L. SOTO, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 3:15-cv-68 (RNC) |
| VS. | ) ) | |
| BUSHMASTER FIREARMS INTERNATIONAL, LLC a/k/a/ FREEDOM GROUP, INC. a/k/a/ REMINGTON OUTDOOR GROUP, INC., *et al.* | ) ) ) ) ) | May 13, 2015 |
| Defendants. | ) | |

## **SUPPLEMENTAL MOTION TO REMAND**

Plaintiffs' initial Motion to Remand asserts that under *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146 (1914), the Bushmaster Defendants' claim of fraudulent joinder fails because they do not allege any flaw specific to the joinder of Riverview Sales, Inc. That initial Motion to Remand focuses on the removing defendants' assumedly true "showing" in support of removal; this Supplemental Motion to Remand refutes the substance of the Bushmaster Defendants' removal arguments, applying the test for fraudulent joinder set forth in *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1991). For the reasons set forth in both Motions, diversity is incomplete and the Court must remand this case to the Connecticut Superior Court.

To find fraudulent joinder under *Pampillonia*, the Court must determine "by clear and convincing evidence. . . . that there is *no possibility*, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Id.* (emphasis supplied). Put another way, *Pampillonia* endorses the formulation that as long as there is "the mere

1

possibility" "that plaintiff can establish any cause of action against a defendant," joinder is proper. *Id.* at 461 n.3 (quoting *Sonnenblick-Goldman Co. v. ITT Corp.*, 912 F. Supp. 85, 88 (S.D.N.Y. 1996)). The Bushmaster Defendants' Notice of Removal asserts the Protection of Lawful Commerce in Arms Act, 15 U.S.C. §§ 7901 *et seq.*, as the sole basis for establishing fraudulent joinder. Neither the United States Supreme Court nor any Connecticut high court has spoken on the meaning of the statute. In other words, there is no interpretation of PLCAA that is binding in Connecticut. For the purposes of deciding whether this Court has jurisdiction, that fact alone compels remand. Speculating as to how a Connecticut court would rule ignores the dictates of prudence, jurisdictional restraint, and essential principles of federalism.

PLCAA, moreover, is *not* a valid defense to plaintiffs' claims of negligent entrustment and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et seq*. A Connecticut court will turn first to the plain language of PLCAA to determine whether Riverview has a valid PLCAA defense. That plain language *permits* these claims. PLCAA explicitly preserves negligent entrustment claims and claims based on statutes "applicable" to the sale and marketing of firearms. The relevant case law from other jurisdictions – including the Second Circuit's holding in *City of New York v. Beretta*, 524 F.3d 384 (2nd Cir. 2008), *cert. denied*, 556 U.S. 1104 (2009) – only confirms that this is so. In short, a Connecticut court applying PLCAA will hold that the statute is no defense to plaintiffs' claims for negligent entrustment and violation of CUTPA.

Whether to apply PLCAA's plain language or to adopt a more restrictive reading of its provisions, however, is not the focus of this jurisdictional inquiry. This Court must determine merely whether the Bushmaster Defendants have shown clearly and convincingly that there is *no possibility* a Connecticut court will construe PLCAA less restrictively than they do. *See*

*Pampillonia*, 138 F.3d at 461.  They cannot even come close to meeting this burden.  Riverview is not fraudulently joined, and the Court must remand this case to Connecticut Superior Court.

               **Respectfully submitted,**

      **By**    **/s/ Joshua D. Koskoff, ct15619**
           **JOSHUA D. KOSKOFF, ct15619,**
           **ALINOR C. STERLING, ct17207**
           **KOSKOFF KOSKOFF & BIEDER**
           **350 FAIRFIELD AVENUE**
           **BRIDGEPORT, CT  06604**
           jkoskoff@koskoff.com
           asterling@koskoff.com
           **Telephone: (203) 336-4421**
           **Fax:   (203) 368-3244**

           **ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

   I hereby certify that on May 13, 2015, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing under the court's CM/ECF System.

               **/s/ Joshua D. Koskoff, ct15619**
               **JOSHUA D. KOSKOFF, ct15619,**
               **ALINOR C. STERLING, ct17207**