UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONNA L. SOTO, ADMINISTRATRIX OF THE ESTATE OF VICTORIA L. SOTO, ET AL | ) ) ) ) ) | |
| Plaintiffs | ) ) | NO. 3:15 cv 00068 RNC |
| V. | ) ) | |
| BUSHMASTER FIREARMS INTERNATIONAL, LLC, A/K/A FREEDOM GROUP, INC., A/K/A REMINGTON OUTDOOR GROUP, INC., ET AL | ) ) ) ) ) ) ) | MAY 13, 2015 |
| Defendants | ) ) | |

EXHIBIT A
TO MEMORANDUM OF LAW IN SUPPORT OF
<u>SUPPLEMENTAL MOTION TO REMAND</u>

Respectfully submitted,

By        /s/ Joshua D. Koskoff, ct15619
JOSHUA D. KOSKOFF, ct15619,
ALINOR C. STERLING, ct17207
KOSKOFF KOSKOFF & BIEDER
350 FAIRFIELD AVENUE
BRIDGEPORT, CT 06604
jkoskoff@koskoff.com
asterling@koskoff.com
Telephone:   (203) 336-4421
Fax:              (203) 368-3244

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2015, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing under the court's CM/ECF System.

                                          /s/ Joshua D. Koskoff, ct15619
                                          JOSHUA D. KOSKOFF, ct15619,
                                          ALINOR C. STERLING, ct17207

# Exhibit A



STATE OF WISCONSIN        CIRCUIT COURT       MILWAUKEE COUNTY
                          BRANCH 28

BRYAN NORBERG and GRAHAM KUNISCH,

        Plaintiffs,

-vs-                                        Case No. 10-CV-20655

BADGER GUNS, INC., BADGER OUTDOORS, INC.,
ADAM J. ALLAN, WALTER J. ALLAN,
MICK BEATOVIC, WEST BEND MUTUAL INSURANCE
COMPANY, JULIUS C. BURTON and
JACOB D. COLLINS,

        Defendants.

---

MOTION HEARING

---

June 9, 2011                                Before THOMAS R. COOPER,
                                            Circuit Judge, Br. 28

APPEARANCES:

        CANNON & DUNPHY, S.C., by PATRICK O. DUNPHY,
ESQ., and BRETT A. ECKSTEIN, ESQ., 595 North Barker Road,
Brookfield, Wisconsin, 53045, appeared on behalf of the
Plaintiffs.

        JONATHAN E. LOWY, ESQ., Brady Center to Prevent
Gun Violence Legal Action Project, 1225 Eye Street, N.W.,
Suite 1100, Washington, D.C., 20005, appeared as co-counsel
for Plaintiffs, pro hac vice.

        VON BRIESEN & ROPER, S.C., by HEIDI L. VOGT,
ESQ., 411 East Wisconsin Avenue, Suite 700, Milwaukee,
Wisconsin, 53202, appeared on behalf of the Defendant, West
Bend Mutual Insurance Company.

        SWANSON, MARTIN & BELL, LLP, by JAMES B. VOGTS,
ESQ., and JAMES S. SMITH ESQ., 330 North Wabash, Suite 3300,
Chicago, Illinois, 60611, appeared on behalf of the
Defendants.

Marsha E. Steadman, Court Reporter



1           If the person would have been -- instead of
2  being 18 would have been 21 years old, could that person
3  have purchased -- was he -- if he had been 21 able --
4  would he have been able to purchase that weapon?
5           MR. VOGTS:  Provided he did not fall into any of
6  the other prohibited categories.
7           THE COURT:  Did he have any of those other?  Do
8  we know that?
9           MR. VOGTS:  Not based on what I think we've seen
10 and read.  His only prohibitive characteristic was his
11 age.
12          THE COURT:  Okay.  Well, that's something maybe
13 the Wisconsin State Legislature should think about, but
14 legislation is thinking about it at the present time, but
15 that's again unrelated to this case.
16          MR. VOGTS:  With that general rule that is the
17 PLCA there are exceptions.
18          THE COURT:  Right.
19          MR. VOGTS:  The courts identified those.
20 There's five of which identify potential state law claims
21 that could be brought against licensees, and we're
22 dealing with I believe just two of them in this case.
23          The plaintiffs have pled seven counts against
24 the group I'll call the Badger group, and Badger group is
25 only moving to dismiss two of those seven counts based on

6

1  preemption grounds under the PLCAA.

2  Those two claims are the common law negligence
3  claim and the public nuisance claim. None of those five
4  exceptions provide that common law negligence and public
5  nuisance claims can be brought in the face of preemptive
6  effect of a PLCAA. And it's important to note that the
7  PLCAA provides that none of those five exceptions create
8  causes of action or remedies.

9  All the PLCAA does is preempt certain state law
10  claims. It does not create claims. So when the court is
11  examining the plaintiffs' allegations and the plaintiffs'
12  claims, I think it's important to keep in mind that
13  federal law does not dictate to this court that it must
14  recognize a negligence per se claim or that it must
15  recognize a negligent entrustment claim. It's only
16  allowing for those claims to be filed in court. And once
17  they're filed it's up to your Honor to apply Wisconsin
18  law to claims that fit within those exceptions.

19  I think that's a very important qualifier that
20  we need to keep in mind. But coming back to the
21  negligence claim, plaintiffs really don't make a serious
22  effort in their briefs to defend their common law
23  negligence claim, and that's perhaps because appellate
24  courts around the country and now some trial courts have
25  held that it was clear that Congress intended to preempt

7

1  common law tort claims like negligence and public
2  nuisance.
3       And in fact the court in the Ileto-versus-Glock
4  case, the Ninth Circuit Federal Court of Appeals held
5  that Congress clearly intended to preempt common law
6  claims such as general tort theories of liability
7  including classic negligence claims.
8       Now, rather than arguing that, the Ileto court
9  got it wrong and that other trial courts around the
10 country have gotten it wrong, the plaintiffs have come up
11 with kind of a novel argument, but I think it's
12 ultimately unpersuasive as to why their common law claims
13 nuisance and negligence can go forward.
14      And their argument I believe, if I understand
15 it, is this, that the third exception to preemption,
16 what's been called predicate exception, all the
17 plaintiffs need to do is allege a knowing violation of a
18 statute applicable to the sale or marketing of firearms.
19      THE COURT: And I think that goes to my
20 question.
21      MR. VOGTS: Under that third exception and all
22 the protections afforded by the PLCAA disappear and none
23 of the other exceptions are needed. I think the
24 plaintiffs are improperly elevating that third exception
25 into some sort of super exception that swallows the

8